Robert E. SHERWOOD, Appellant,

v.

STATE of Indiana, Appellee.

No. 1182S451.

Supreme Court of Indiana.

Sept. 13, 1983.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant appeals the denial of his petition for post-conviction relief brought under Ind.R.P.C.R. 2, § 1.

The facts are these. At about 7:30 P.M. on September 18, 1979, appellant murdered his wife by strangulation or drowning in a creek in Cass County. He was arrested shortly thereafter following his confession of the crime to friends and relatives who reported to the police.

Appellant was charged with Murder and being an habitual offender. Trial commenced on July 11, 1980, but had to be recessed for the day of July 15 due to a city wide power failure. On the morning of July 16, appellant moved to withdraw his not guilty plea and enter a plea of guilty to murder in exchange for the State's dismissal of the habitual offender count. The parties were left free to argue the issue of aggravating or mitigating circumstances with regard to a sentence enhancement or reduction on the plea of guilty to murder, if it was accepted. See I.C. § 35–50–2–3; I.C. § 35–50–1A–7 [Burns 1979 Repl.]. The court conducted a hearing regarding appellant's motion to withdraw the not guilty plea and enter the plea of guilty to murder. The trial court then discharged the jury and took the matter under advisement.

On August 6, 1980, the trial court held another hearing, at which the court accepted the plea of guilty, and sentenced appellant to the presumptive forty (40) year term of imprisonment for murder.

Appellant filed a *pro se* petition for post-conviction relief under PC Rule 2, § 1, on May 12, 1981. After the Indiana Public Defender entered an appearance on behalf of appellant pursuant to Ind.R.P.C.R. 1, § 9, the *pro se* petition was amended to include additional grounds for relief. The State filed its answer as required under the rule. On June 9, 1982, the court entered its Findings of Fact and Conclusions of Law and denied the relief. No hearing was ever held on the petition. Appellant's Motion to Correct Error was filed on August 6, 1982, and denied on September 2, 1982.

Appellant contends the trial court erred in summarily denying the petition without holding an evidentiary hearing. Ind.R.P. C.R. 1, §§ 4(e) and (f) provide for summary disposition of the petition for post-conviction relief:

"(e) If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings.

(f) The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible."

Appellant contends the allegations of his *pro se* and amended petition were such that an evidentiary hearing was required, summary disposition of the petition under either PC Rule 1, § 4(e) or (f) was error. The trial courts order reads in part: "It now appearing that no further hearing is necessary to determine the issues raised in either

the petition or amended petition, the Court does not proceed to determine the issues raised." Appellant cites *Ferrier v. State,* (1979) 270 Ind. 279, 385 N.E.2d 422, and *Tooley v. State,* (1973) 156 Ind.App. 636, 297 N.E.2d 856, for the proposition that where incompetence of counsel is alleged by the petitioner, as it was in his petition, this is, an allegation creating "an issue of material fact" requiring an evidentiary hearing.

The State's response is that there is no allegation of incompetency of counsel raised in the petitions.

In *Frazier v. State,* (1975) 263 Ind. 614, 617, 335 N.E.2d 623, 625, we said:

"Under our Post Conviction Rule 1, the trial judge has a right to proceed summarily when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact and any affidavits submitted, that there is no genuine issue of material fact. PC Rule 1, § 4(f). This provision, dispenses with the necessity of an evidentiary hearing when the issues are of law only. It does not, however, dispense with the need for such a hearing when the determination hinges, in whole or in part, upon facts not resolved. This is true even though the likelihood of the petitioner's producing evidence sufficient to establish his claim appears to be quite remote."

In his petition appellant stated: "I would also like to file a motion to get a new trial on the grounds that according to my lawyer I would be place[d] in a hospital to do my time." He also stated: "My lawyer did not give me proper counsel."

Given this state of the record, we cannot agree with the State's contention that appellant made no allegation as to the existence of a question of law regarding the adequacy of representation.

The State overlooks the fact that in its answer to appellant's petition it made a general denial as to "each and every material allegation contained therein ...." Thus the State was denying that appellant was incompetently represented or that his attorney ever told him that upon sentencing he would be committed to a hospital facility.

The Court of Appeals noted in the *Tooley* case, "[T]he issue of competency of counsel is an evidentiary question." *Id.* 156 Ind. App. at 639, 297 N.E.2d at 858. As this Court has stated many times, "Incompetency of counsel revolves around the particular facts of each case ...." *Tillman v. State,* (1982) Ind., 432 N.E.2d 407, 408. *See also Carlyle v. State,* (1981) Ind., 428 N.E.2d 10; *Nelson v. State,* (1980) Ind., 401 N.E.2d 666; *Rinard v. State,* (1979) 271 Ind. 588, 394 N.E.2d 160. Thus some factual determinations must be made. In a post-conviction relief proceeding, the facts are determined in an evidentiary hearing, unless the State in its answer admits to the petitioner's factual allegations or it is required that the facts as alleged by the petitioner be deemed as admitted due to the State's failure to file an answer to the petition. Ind.R.Tr.P. 8(D). *See Lloyd v. State,* (1979) 270 Ind. 227, 383 N.E.2d 1048; *Purcell v. State,* (1975) 165 Ind.App. 47, 330 N.E.2d 779. In the case at bar the State denied the facts alleged. This was enough to invoke the need to hold an evidentiary hearing. This is true no matter how unlikely it seems that appellant will be able to produce evidence in support of his claim. *Ferrier, supra; Frazier, supra; Tooley, supra.*

The State's contention that *Ferrier, supra,* requires no evidentiary hearing is unpersuasive. In *Ferrier* we remanded the cause for an evidentiary hearing on the issue of inadequacy of representation after the trial court had summarily disposed of the petition. We noted the petition alleged specific examples of a lack of due diligence on counsel's part as well as alleging generally inadequacy of representation. The State now contends that under *Ferrier, supra,* without specific factual allegations in support of the claim of inadequacy of representation no evidentiary hearing is required. This, of course, is true. However, in the case at bar there is the specific allegation that the attorney advised appellant that if he entered a plea of guilty he would be committed to a hospital facility.

We remand the cause to the trial court with instructions to hold an evidentiary hearing regarding all the claims in appellant's *pro se* and amended petition for post-conviction relief, in accordance with Ind.R. P.C.R. 1, § 5.

All Justices concur.