**Phillip W. HUTCHINSON, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 84A04–8903–PC–74.**

Court of Appeals of Indiana, Fourth District.

June 28, 1989.

---

Susan K. Carpenter, Public Defender, John Ribble, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Petitioner–Appellant Phillip W. Hutchinson (Hutchinson) appeals the summary dismissal of his petition for post-conviction relief pursuant to Post–Conviction Rule 1, § 4(e) and (f).

We affirm.

Hutchinson presents one issue for our review, namely, whether the post-conviction court erred in summarily dismissing his petition for post-conviction relief.

Hutchinson was charged with Burglary, a class B felony. The trial court appointed Christopher Gambill to represent Hutchinson. Gambill withdrew from representing Hutchinson when Gambill became aware of a conflict of interest. Upon Gambill's withdrawal, the trial court appointed Daniel Weber to represent Hutchinson. He was tried, convicted, and sentenced to fifteen years. On direct appeal, Hutchinson was represented by Geoffrey Creason. Our Su-

preme Court affirmed Hutchinson's conviction. See *Hutchinson v. State* (1987), 515 N.E.2d 514. Hutchinson filed a *pro se* petition for post-conviction relief which the trial court summarily dismissed.

Hutchinson appeals.

■ Hutchinson contends the post-conviction court erred by summarily dismissing his petition for post-conviction relief without a hearing. Had he known his trial counsel was appointed by the trial judge pursuant to I.C. 33–9–10–1, he would have arranged for other means of representation Hutchinson maintains. He contends the fact his lawyer was appointed by the trial judge denied him a fair trial. He argues these allegations rise to the level of ineffective assistance of counsel and create a material issue of fact precluding summary dismissal of his petition for post-conviction relief, citing *Sherwood v. State* (1983), Ind., 453 N.E.2d 187. Hutchinson notes he alleged in his post-conviction petition "my lawyer was hired by my judge who retained the right to fire him." He also argues that agreement denied him a fair trial because Hutchinson's trial counsel "only put on a pro forma defense on my behalf to satisfy the requirement that I have counsel."

In *Sherwood, supra,* the petitioner alleged he was given ineffective assistance of counsel because his lawyer told him he would be "placed in a hospital to do" his time. He also stated "my lawyer did not give me proper counsel." Our Supreme Court reversed the post-conviction court's summary dismissal of the post-conviction petition for relief because the petitioner alleged specific facts which were denied by the State. However the majority there noted "without specific factual allegations in support of the claim of inadequacy of representation no evidentiary hearing is required." *Id.* at 189. The court pointed out the claim "my lawyer told me I would be placed in a hospital to do my time" was a specific factual allegation requiring a hearing. *Id.* The court did not mention the statement "my lawyer did not give me proper counsel" in its discussion of specific factual allegations which would require an

evidentiary hearing. That statement is merely an unsupported allegation. Such an unsupported allegation does not require an evidentiary hearing. *Id.*

Likewise, Hutchinson's allegations are unsupported by fact. He cites no evidence establishing (1) bias, (2) ineffective assistance or (3) a denial of due process. Accordingly, Hutchinson's petition was correctly dismissed by the post-conviction court without a hearing. Hutchinson alleged nothing more than conclusory allegations.

Hutchinson contends he was not required to plead facts in his post-conviction relief petition. We disagree.

Post–Conviction Rule 1, § 3 states "the petition shall be submitted in a form in substantial compliance with the standard form appended to this Rule." Item 9 of that form requires the petitioner to "state concisely ... the *facts* which support each of the grounds ..." (Emphasis added). We find no error here.

█ The post-conviction court correctly noted in its findings of fact Hutchinson waived his opportunity to raise the errors alleged in his petition for post-conviction relief by failing to raise them on direct appeal. Hutchinson contends in his petition for post-conviction relief the reason he did not raise the issues now argued at trial was because he did not know his lawyer was appointed by his trial judge pursuant to I.C. 33–9–10–1. This allegation sufficiently explains his reason for not raising the issue at trial, however, it does not justify Hutchinson's failure to raise the argument on direct review. The post-conviction process is not open to the raising of issues available to a petitioner upon his original appeal. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260. Absent a showing by the post-conviction petitioner an issue was unascertainable or unavailable at the time of trial and direct appeal, allegations of error arising therefrom may not be raised in post-conviction proceedings. *Crisp v. State* (1987), Ind., 511 N.E.2d 306, 307, *citing*, *Cummings v. State* (1986), Ind., 495 N.E.2d 181, 182.

Here, Hutchinson has not asserted the alleged errors were not available on his direct appeal. Nevertheless, we might be inclined to forgive such an omission if the same attorney handled both the trial and direct appeal. It perhaps would be unfair to impose a waiver on Hutchinson simply because his attorney was unwilling to admit, or unable to see, his or her own mistake. This would constitute an insult added to injury.

However, Hutchinson may not raise the issue of the ineffectiveness of trial counsel for the first time on his petition for post-conviction relief without also alleging the corresponding ineffectiveness of his appellate counsel for not bringing the issue on direct appeal. We cannot infer a chain of incompetence.

Failure to raise the issue of inadequacy of counsel on appeal generally waives that issue for post-conviction relief purposes unless the issue rises to the level of fundamental error. *Williams v. State* (1988), Ind.App., 529 N.E.2d 1313, 1315. Fundamental error is defined as blatant error denying petitioner "fundamental due process." *Terry v. State* (1984), Ind., 465 N.E.2d 1085. Without analyzing the merits, the alleged errors do not impress us as being "blatant."

Affirmed.

RATLIFF, C.J., and MILLER, J., concur.