**Elliott D. TYSON, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 49A04–0608–PC–419.**

Court of Appeals of Indiana.

June 26, 2007.

---

Elliott D. Tyson, Pendleton, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

SHARPNACK, Judge.

Elliot Tyson appeals the post-conviction court's denial of his petition for post-conviction relief. Tyson raises one issue, which we restate as whether the post-conviction court erred by summarily denying his petition for post-conviction relief. We affirm.

The relevant facts follow. On March 21, 2000, Tyson was sentenced to eighty years for his convictions for dealing in cocaine as a class A felony,[1] dealing in cocaine as a class B felony,[2] conspiracy to deal cocaine as a class A felony,[3] conspiracy to deal cocaine as a class B felony,[4] and for his status as an habitual offender.[5] On direct appeal, Tyson argued that his convictions violated the prohibition against double jeopardy and that the evidence was insufficient to sustain his habitual offender enhancement. *Tyson v. State*, 766 N.E.2d 715, 716 (Ind.2002). The Indiana Supreme Court vacated Tyson's conspiracy convictions, found that the evidence was sufficient to sustain his habitual offender enhancement, and remanded for resentencing. *Id.* at 718. The trial court resentenced Tyson to eighty years in the Indiana Department of Correction.

On November 12, 2002, Tyson filed a pro se petition for post-conviction relief alleging that he received ineffective assistance of trial counsel because "trial counsel failed to introduce available exculpatory evidence at [Tyson's] trial in this cause." Appellant's Appendix at 204. The State filed an answer alleging, in part, that Tyson's claims were barred by res judicata. However, on November 13, 2002, the State Public Defender's office filed an appear-

---

1. Ind.Code § 35–48–4–1 (1998).

2. *Id.*

3. Ind.Code §§ 35–48–4–1; 35–41–5–2 (2004).

4. *Id.*

5. Ind.Code § 35–50–2–8 (1998).

ance on Tyson's behalf. On May 10, 2006, the public defender filed a notice of withdrawal of appearance pursuant to Ind. Post–Conviction Rule 1(9)(c). On May 24, 2006, the post-conviction court entered an order summarily denying Tyson's petition for post-conviction relief.

■ The issue is whether the post-conviction court erred by summarily denying Tyson's petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind.2004); Ind. Post–Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.*

Ind. Post–Conviction Rule 1(4)(f) provides: "If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." "When a court disposes of a petition under subsection f, we essentially review the lower court's decision as we would a motion for judgment on the pleadings." *Allen v. State*, 791 N.E.2d 748, 752 (Ind.Ct.App.2003), *trans. denied.* "The court errs in disposing of a petition in this manner unless 'the pleadings conclusively show that petitioner is entitled to no relief.'" *Id.* at 752–753 (citing Ind. Post–Conviction Rule 1(4)(f)). "If the petition alleges only errors of law, then the court may determine without a hearing whether the petitioner is entitled to relief on those questions." *Id.* "However, if the facts pled raise an issue of possible merit, then the petition should not be disposed of under section 4(f)." *Id.* "This is true even

though the petitioner has only a remote chance of establishing his claim." *Id.* "[T]he trial court should accept the well-pled facts as true and determine whether the petition raises an issue of possible merit." *Id.* at 756.

Here, Tyson's petition for post-conviction relief alleged that he had received the ineffective assistance of trial counsel. Specifically, Tyson alleged that his "trial counsel failed to introduce available exculpatory evidence at [Tyson's] trial in this cause." Appellant's Appendix at 204. The State argues that the post-conviction court properly denied Tyson's petition based upon res judicata. According to the State, "it is apparent that the true nature of Tyson's claim seems to be a challenge to the sufficiency of the evidence supporting his habitual offender conviction," and this claim was raised in Tyson's direct appeal. Appellee's Brief at 7 (citing Appellant's Brief at 12–13). Tyson's appellant's brief does suggest that the exculpatory evidence relates to one of the felonies that supported his habitual offender enhancement. Appellant's Brief at 11–13. However, this information was not before the post-conviction court when it summarily denied Tyson's petition. We must review only the pleadings before the post-conviction court to determine whether the court properly summarily denied Tyson's petition.

■ As noted above, the only information before the post-conviction court in Tyson's petition for post-conviction relief was an allegation that Tyson had received the ineffective assistance of trial counsel. Specifically, Tyson alleged that his "trial counsel failed to introduce available exculpatory evidence at [Tyson's] trial in this cause." Appellant's Appendix at 204. Tyson argues that ineffective assistance of counsel is an evidentiary question and that

the issue cannot be summarily dismissed.[6] Tyson relies upon *Clayton v. State*, 673 N.E.2d 783, 786 (Ind.Ct.App.1996), in which we held: "Where ineffectiveness of counsel is alleged, and the facts pled raise an issue of possible merit, the summary disposition is erroneous." There, the petitioner alleged that his trial counsel's failure to advise him of an administrative suspension constituted ineffective assistance of counsel. 673 N.E.2d at 786. Specifically, the petitioner alleged in the petition that he was originally offered a guilty plea requiring a two-year suspension of his driver's license, that he refused this offer, that a new offer requiring a one-year suspension was made, and that he would not have pleaded guilty if his trial counsel had informed him that the one-year suspension under the guilty plea would begin after a one-year administrative suspension. *Id.*

Here, Tyson alleged ineffective assistance of counsel, but unlike in *Clayton*, he did not plead any facts to raise an issue of possible merit. Ind. Post–Conviction Rule 1(3)(a) provides that "[t]he petition shall be submitted in a form in substantial compliance with the standard form appended to this Rule." Item 9 of that form requires the petitioner to "state concisely ... the facts which support each of the grounds...." "[W]ithout specific factual allegations in support of the claim of inadequacy of representation no evidentiary hearing is required." *Hutchinson v. State*, 540 N.E.2d 109, 110 (Ind.Ct.App. 1989) (quoting *Sherwood v. State*, 453 N.E.2d 187, 189 (Ind.1983)), *trans. denied.*

In *Hutchinson*, the petitioner alleged only that his "lawyer was hired by [the] judge who retained the right to fire him" and that his trial counsel "only put on a pro forma defense on [his] behalf to satisfy the requirement that [he] have counsel." *Id.* We held: "Hutchinson's allegations are unsupported by fact. He cites no evidence establishing (1) bias, (2) ineffective assistance or (3) a denial of due process. Accordingly, Hutchinson's petition was correctly dismissed by the post-conviction court without a hearing. Hutchinson alleged nothing more than conclusory allegations." *Id.* at 111. Likewise, Tyson's allegation that his "trial counsel failed to introduce available exculpatory evidence at [Tyson's] trial in this cause" is unsupported by fact and is nothing more than a conclusory allegation. Appellant's Appendix at 204. Consequently, the "facts" raised by Tyson do not raise an issue of possible merit, and the post-conviction court did not err by summarily denying Tyson's petition for post-conviction relief. *See, e.g., Hutchinson*, 540 N.E.2d at 111.

For the foregoing reasons, we affirm the post-conviction court's denial of Tyson's petition for post-conviction relief.

Affirmed.

MAY, J. and BAILEY, J., concur.

---

**6.** Tyson also seems to argue that the post-conviction court should have ordered Tyson to show cause why his petition should not be dismissed under Ind. Trial Rule 41(E) rather than summarily denying his petition. A post-conviction relief petition may be summarily denied when the pleadings conclusively show the petitioner is entitled to no relief. P–C.R. 1(4)(f). Additionally, a petition may be dismissed when the petitioner has failed to comply with the trial rules or when he has failed to take action for a period of 60 days. Ind. Trial Rule 41(E). Tyson cites no relevant authority requiring that the post-conviction court dismiss the petition under Trial Rule 41(E) rather than under Post–Conviction Rule 1(4)(f), and likewise, we find no authority suggesting that the post-conviction court was required to do so.