**Kenneth KELLY, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 30A04–1006–PC–408.

Court of Appeals of Indiana.

July 29, 2011.

---

Kenneth Kelly, Carlisle, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Kenneth Kelly, *pro se*, appeals the post-conviction court's denial of his petition for post-conviction relief. Kelly raises four issues, one of which we find dispositive and restate as whether the trial court erred in summarily denying Kelly's petition. We reverse and remand.

The relevant facts follow. On August 25, 2004, the State charged Kelly with murder. Kelly pled guilty.[1] On December 15, 2004, Kelly filed a motion for determination of competency. That same day, the court ordered Kelly's counsel to make arrangements with appointed psychiatrists or psychologists to conduct interviewing and or testing of Kelly. On January 25, 2005, Kelly's trial counsel filed a motion to withdraw their appearance on behalf of Kelly. That same day, the court held a hearing on Kelly's competency and then sentencing. At the beginning of the hearing, one of Kelly's attorneys stated that the motion to withdraw was based on the belief that Kelly was not making rational decisions. The court found that Kelly was competent, and the State asked for a continuance of the sentencing due to the motion to withdraw filed by Kelly's attorneys. The court indicated that it intended to address the motion to withdraw after the

---

1. The Appellant's Appendix does not contain a copy of the plea agreement. The State admits that it received a separate appendix from Kelly, which included the sentencing order, un-

like the Appellant's Appendix in the record on appeal. However, the State did not file an appellee's appendix.

sentencing hearing. Kelly's attorney stated that he "stands[s] on [his] Motion to Withdraw." Appellant's Appendix at 21. The court asked Kelly's counsel whether he requested a continuance, and Kelly's counsel stated that he was "reluctant to go any further in [his] representation of Mr. Kelly." *Id.* at 22. The court denied the State's motion for a continuance.

Later that day, the court held the sentencing hearing, and the State again moved to continue and argued that "any hearing that would proceed could create an issue on appeal no matter which way this Court ruled as to whether or not Mr. Kelly is represented at this hearing. . . ." *Id.* at 25. The court asked Kelly's counsel: "Okay—any response? I assume not." *Id.* Kelly's counsel replied: "None your honor." *Id.* The court stated that "Kelly is represented by counsel, remains represented by counsel," and denied the State's motion. *Id.* The State then asked for "the ability to stay the sentencing based upon an interlocutory appeal," which the court denied. *Id.* at 26. The record on appeal does not contain Kelly's sentence.[2] On February 1, 2005, Kelly filed a motion for appointment of a public defender.

On July 12, 2006, Kelly filed a petition for post-conviction relief.[3] On August 8, 2006, the court referred Kelly's petition to the Indiana Public Defender's Office. After multiple notices of substitution of counsel, the State Public Defender filed a withdrawal of appearance in October 2009. In April 2010, Kelly filed a motion to amend

his petition, which the court granted. Kelly argued that he was denied effective assistance of "guilty plea counsel" and was denied assistance of counsel at the competency hearing and sentencing hearing. *Id.* at 28. Specifically, Kelly argued that his trial counsel witnessed the trial court "blatantly refuse to acknowledge, and duly recognized, [sic] that Mr. Kelly was not represented by counsel as the law *guarantees*," and "blatantly refuse to grant the appropriate permission for the petitioner or state to seek review before the Indiana Supreme court of the 'questionable' situation pertaining to the petitioner not bring [sic] represented by counsel." *Id.* at 32. Kelly argued that his trial counsel "never did any investigation of any type regarding Mr. Kelly's state of mind." *Id.* at 33–34. Kelly argued that his trial counsel's actions "constructively denied [his] Sixth Amendment right to counsel pervading the entire criminal proceedings." *Id.* at 34.

On May 20, 2010, the State filed a motion for summary disposition of Kelly's petition, which stated:

1. The State denies the allegations set forth in the Amended Petition for Post–Conviction Relief filed in this matter.

2. The State intends to rely on the defenses of laches, res judicata, and waiver.

3. It appears from the pleadings that there is no genuine issue of material

---

2. The table of contents in the Appellant's Appendix indicates that the sentencing judgment is found on page eleven, but the appendix does not contain a page eleven. The Appellant's Appendix contains a portion of the transcript from the hearings held on January 25, 2005. Kelly's notice of appeal stated: "The official Court Reporter of this Court is requested to transcribe, certify and file with the Clerk of this Court, a Transcript of all proceedings from the filing date of the original

Charging Information up to and including all proceedings on post-conviction relief, including exhibits." Appellant's Appendix at 54. However, the record does not contain a copy of the transcripts of the competency and sentencing hearings other than the portion contained in the Appellant's Appendix.

3. The record does not contain a copy of this petition.

fact and the State of Indiana is entitled to judgment as a matter of law.

4. Pursuant to Section 4(g) of the Indiana Rules of Procedure for Post–Conviction Remedies, the State respectfully requests that the Court grant summary disposition of the petition without the need for either oral arguments or an evidentiary hearing.

*Id.* at 51. On May 21, 2010, the court summarily denied Kelly's petition without findings.

■■■■ The dispositive issue is whether the post-conviction court erred by summarily denying Kelly's petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State,* 810 N.E.2d 674, 679 (Ind.2004); Ind. Post–Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Fisher,* 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.*

■■■■ Ind. Post–Conviction Rule 1(4)(f) provides: "If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." "When a court disposes of a petition under subsection f, we essentially review the lower court's decision as we would a motion for judgment on the pleadings." *Tyson v. State,* 868 N.E.2d 855, 857 (Ind.Ct.App.2007), *reh'g denied, trans. denied.* "The court errs in

disposing of a petition in this manner unless 'the pleadings conclusively show that petitioner is entitled to no relief.'" *Id.* (citing Ind. Post–Conviction Rule 1(4)(f)). "If the petition alleges only errors of law, then the court may determine without a hearing whether the petitioner is entitled to relief on those questions." *Id.* "However, if the facts pled raise an issue of possible merit, then the petition should not be disposed of under section 4(f)." *Id.* "This is true even though the petitioner has only a remote chance of establishing his claim." *Id.* "[T]he trial court should accept the well-pled facts as true and determine whether the petition raises an issue of possible merit." *Id.*

■■■■ The issue of the effectiveness of counsel is an evidentiary question. *Sherwood v. State,* 453 N.E.2d 187, 189 (Ind. 1983). Resolution of the issue revolves around the particular facts of each case. *Id.* "Thus some factual determinations must be made." *Id.* Consequently, when a petitioner alleges ineffective assistance of counsel, and the facts pled raise an issue of possible merit, the petition should not be summarily denied. *Allen v. State,* 791 N.E.2d 748, 756 (Ind.Ct.App.2003), *trans. denied.*

In examining the pleadings, we note that Kelly's amended petition alleged that his trial counsel was ineffective at the competency and sentencing hearing and that his trial counsel never performed any investigation into his state of mind. These allegations raise issues of possible merit and, thus, Kelly's petition should not have been disposed of under Ind. Post–Conviction Rule 1(4)(f).[4] *See, e.g., Sherwood,* 453

---

4. The State argues that the post-conviction court properly denied relief summarily and argues that even Kelly acknowledges that the facts underlying the claim are not in dispute. At one point in his brief, Kelly states:

Faced with no findings on the merits, this Court can either remand for further proceedings in the post-conviction court, as in [*State v.*] *Van Cleave,* [681 N.E.2d 181 (Ind. 1997). *cert. denied,* 522 U.S. 1119, 118 S.Ct.

N.E.2d at 189 (holding that the post-conviction court erred by summarily denying a petition and remanding to the post-conviction court where the petitioner alleged that his attorney did not give him "proper counsel" and the State denied the facts as alleged); *Clayton v. State,* 673 N.E.2d 783, 786 (Ind.Ct.App.1996) (holding that an evidentiary hearing was required where ineffective assistance of counsel was alleged and the facts pled raised an issue of possible merit). Accordingly, we reverse and remand the cause for an evidentiary hearing.

 We also note that Post–Conviction Rule 1(6) requires the post-conviction court to "make specific findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." *Clayton,* 673 N.E.2d at 786 (quoting Post–Conviction Rule 1(6)). The trial court failed to comply with the rule when it summarily dismissed Kelly's petition without findings. "This failure is an additional reason for remand." *Id.*

For the foregoing reasons, we reverse the post-conviction court's denial of Kelly's petition for post-conviction relief and remand for further proceedings consistent with this opinion.

Reversed and remanded.

FRIEDLANDER, J., and BAILEY, J., concur.

1060, 140 L.Ed.2d 121 (1998) ] or rule on the merits of the claim. Because the facts underlying the claim are not in dispute and the matter should be fully briefed by both sides in the near future, the Appellant asks this Court rule [sic] on the merits in the interests of judicial economy.

Appellant's Brief at 22. However, Kelly also argued earlier in his brief that "an evidentiary hearing is necessary" because "[t]here are facts not resolved and questions have been raised as to the effectiveness and adequacy of the Appellant's counsel and whether there existed a genuine issue of material fact dealing with said issues." *Id.* at 21–22. Given the nature of the issues and Kelly's arguments, we cannot say that Kelly's motion should have been disposed of under Ind. Post–Conviction Rule 1(4)(f).