**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**LAVERN BALTIMORE**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAVERN BALTIMORE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 22A04-1112-PC-652 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Susan L. Orth, Judge
Cause No. 22D01-1108-PC-5

**March 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Lavern Baltimore, *pro se*, appeals the post-conviction court's denial of his petition for post-conviction relief. Baltimore raises four issues, one of which we find dispositive and restate as whether the post-conviction court erred in summarily denying his petition. We reverse and remand.

The relevant facts follow. On June 19, 2006, the State charged Baltimore with burglary resulting in bodily injury as a class A felony and sexual battery as a class D felony. Baltimore v. State, 878 N.E.2d 253, 256 (Ind. Ct. App. 2007), trans. denied. A jury found Baltimore guilty as charged. Id. The court sentenced Baltimore to an aggregate term of fifty-three years. Id.

On direct appeal, Baltimore argued that: (1) the trial court committed fundamental error when it permitted the victim's sign language interpreter to testify as a witness for the prosecution; (2) insufficient evidence was presented at trial to sustain his burglary resulting in bodily injury conviction; (3) his convictions violated the Indiana Double Jeopardy Clause because there was a reasonable likelihood that the jury used the same evidence to sustain both convictions; and (4) the trial court's imposition of a fifty-three-year sentence was inappropriate in light of the nature of the offenses and his character. Id. at 255. This court affirmed. Id.

On August 31, 2011, Baltimore filed a fifty-two page petition for post-conviction relief. Baltimore alleged multiple grounds of ineffective assistance of trial and appellate counsel. Specifically, Baltimore alleged that his trial counsel was ineffective for: (1) failing to locate, interview, and subpoena witnesses; (2) failing to file a motion to dismiss the charges because a deposition of the victim indicated that Baltimore did not actually

2

touch her breasts and genital area as alleged in the charging information; (3) failing to present a defense of intoxication; (4) failing to object to the lack of African Americans within the jury pool; (5) failing to exercise a peremptory challenge or challenge for cause to strike a juror who was represented in a prior case by the prosecuting attorney; and (6) failing to object to four instances of prosecutorial misconduct. Baltimore alleged that his appellate counsel was ineffective for failing to argue insufficiency of the evidence to support the conviction of sexual battery and failing to raise the issues mentioned in his discussion of whether trial counsel was ineffective.

On September 20, 2011, the State filed a response in which it stated that it was without sufficient information to admit or deny paragraphs 1 through 7 and paragraphs 10 through 18, denied paragraphs 8 and 9, which set forth the grounds for vacating Baltimore's convictions and the facts supporting those grounds, and presented the affirmative defense of laches, waiver, and *res judicata*. On September 30, 2011, Baltimore filed a reply to the State's answer and argued that the State was not entitled to the defenses of laches, waiver, or *res judicata*. Baltimore also alleged that the State was not entitled to a summary disposition because there was a genuine issue of material fact and a hearing was required. On November 7, 2011, the post-conviction court summarily denied Baltimore's petition.

Baltimore appealed and filed his appellant's brief on June 27, 2012. On July 19, 2012, the State filed a motion to remand to the post-conviction court for the issuance of findings of fact and conclusions of law. On August 17, 2012, this court granted the State's motion to remand and ordered the post-conviction court to issue an order ruling

on Baltimore's petition for post-conviction relief that fully complied with Ind. Post-Conviction Rule 1(6).[1]  On September 24, 2012, the post-conviction court entered a revised order denying Baltimore's petition for post-conviction relief.  The court's order cited Ind. Post-Conviction Rule 1(4)(f) and recognized that Baltimore alleged ineffective assistance of counsel, but stated that "the facts pled do not raise an issue of possible merit and [Baltimore] has no chance of establishing his claim."  September 24, 2012 Order at 6. The post-conviction court cited the trial record on multiple occasions.

The dispositive issue is whether the post-conviction court erred by summarily denying Baltimore's petition for post-conviction relief.  The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence.  Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5).  When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment.  Fisher, 810 N.E.2d at 679.  On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court.  Id.

Ind. Post-Conviction Rule 1(4)(f) provides: "If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings."  When a court disposes of a petition under subsection f, we essentially review the lower court's decision as we would a motion for judgment on the pleadings. Tyson v. State, 868 N.E.2d 855, 857 (Ind. Ct. App. 2007), reh'g denied, trans. denied.

---

[1] Ind. Post-Conviction Rule 1(6) provides: "The court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held."

The court errs in disposing of a petition in this manner unless the pleadings conclusively show that petitioner is entitled to no relief. Id. (citing Ind. Post-Conviction Rule 1(4)(f)). If the petition alleges only errors of law, then the court may determine without a hearing whether the petitioner is entitled to relief on those questions. Id. However, if the facts pled raise an issue of possible merit, then the petition should not be disposed of under section 4(f). Id. This is true even though the petitioner has only a remote chance of establishing his claim. Id. The trial court should accept the well-pled facts as true and determine whether the petition raises an issue of possible merit. Id.

In his petition, Baltimore alleged that his trial counsel was ineffective based upon six separate grounds and that his appellate counsel was ineffective based upon two separate grounds. Indiana courts have previously considered whether a petitioner's claim of ineffective assistance of counsel could survive dismissal on the pleadings. The issue of the effectiveness of counsel is an evidentiary question. Sherwood v. State, 453 N.E.2d 187, 189 (Ind. 1983); Allen v. State, 791 N.E.2d 748, 756 (Ind. Ct. App. 2003), trans. denied; Clayton v. State, 673 N.E.2d 783, 786 (Ind. Ct. App. 1996). Resolution of the issue revolves around the particular facts of each case. Sherwood, 453 N.E.2d at 189. "Thus some factual determinations must be made." Id. Consequently, when a petitioner alleges ineffective assistance of counsel, and the facts pled raise an issue of possible merit, the petition should not be summarily denied. Allen, 791 N.E.2d at 756.

The post-conviction court referred to the evidence at trial throughout its September 24, 2012 order denying Baltimore's petition. This suggests that the post-conviction court applied an inappropriate standard when reviewing Baltimore's claims.

5

See Allen, 791 N.E.2d at 755-756 (holding that the post-conviction court's language that the petitioner's ineffective assistance of counsel claim was without merit because "the evidence of record" and the petitioner's contentions "suggested no good faith reasons for the Court to conclude otherwise" suggested that the post-conviction court applied an inappropriate standard when reviewing the petitioner's claim). "At this stage of the proceedings, we have only the pleadings; consequently, there is no 'evidence of record' to consider." Id. at 756. "Rather, the trial court should accept the well-pled facts as true and determine whether the petition raises an issue of possible merit." Id.

We conclude that Baltimore pled facts that raise issues of possible merit and the post-conviction court erred in summarily denying his petition.[2] See Sherwood, 453 N.E.2d at 189 (observing that incompetency of counsel revolves around the particular facts of each case, that some factual determinations must be made, that the facts are determined in an evidentiary hearing unless the State in its answer admits to the petitioner's factual allegations, and holding that the State's denial of the facts alleged in the petition was enough to invoke the need to hold an evidentiary hearing no matter how unlikely it seemed that the appellant would be able to produce evidence in support of his claim); Allen, 791 N.E.2d at 756 ("[The petition] alleged four types of errors committed by his trial counsel: failure to depose witnesses, failure to hire an expert, failure to present evidence to the jury, and failure to call witnesses at trial. The State denied [the petitioner's] allegations generally; however that is insufficient to invalidate [his] petition.

_____

[2] We also note that while the post-conviction court found that the "[s]ufficiency of evidence was raised on appeal," Baltimore argued in his petition that his appellate counsel was ineffective for failing to raise the issue of insufficient evidence with respect to the sexual battery conviction, which was an issue not raised on direct appeal. September 24, 2012 Order at 5.

Consequently, [the] petition raises an issue of possible merit, and we remand for further proceedings not inconsistent with this opinion."); Clayton, 673 N.E.2d at 786 (holding that an evidentiary hearing was required where ineffective assistance of counsel was alleged and the facts pled raised an issue of possible merit); Gann v. State, 550 N.E.2d 803, 805 (Ind. Ct. App. 1990) ("Where ineffectiveness of counsel is alleged, and the facts pleaded raise an issue of merit, then summary disposition is erroneous. The State's general denial to Gann's petition was not sufficient to invalidate the petition. Further proceedings are required.") (internal citation omitted).

For the foregoing reasons, we reverse the post-conviction court's denial of Baltimore's petition and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAILEY, J., and VAIDIK, J., concur.