## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 30 2017, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Elliott Tyson
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Elliott Tyson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 30, 2017

Court of Appeals Case No.
49A04-1602-CR-280

Appeal from the Marion Superior Court.
The Honorable Peggy Ryan Hart, Master Commissioner.
Cause No. 49G21-9905-FC-81336

## Friedlander, Senior Judge

[1]     Elliott Tyson appeals the denial of his motion to correct erroneous sentence.
We affirm.

[2]     Tyson was convicted of four felonies related to dealing in controlled substances.
In addition, he was found to be an habitual offender. On appeal, the Indiana

Supreme Court reversed two of his felony convictions on double jeopardy grounds and remanded for resentencing. *See Tyson v. State*, 766 N.E.2d 715 (Ind. 2002). On remand, the trial court sentenced Tyson to eighty years.

[3] Next, Tyson filed a petition for post-conviction relief. The post-conviction court summarily denied his petition, and a panel of this Court affirmed the post-conviction court's judgment. *See Tyson v. State*, 868 N.E.2d 855 (Ind. Ct. App. 2007), *trans. denied*.

[4] Tyson has also filed four motions for permission to file a successive petition for post-conviction relief, and this Court denied the motions. *See Tyson v*. State, Cause No. 49A02-0809-SP-840 (Ind. Ct. App. October 10, 2008); *Tyson v. State*, Cause No. 49A02-1001-SP-31 (Ind. Ct. App. February 2, 2010); *Tyson v. State*, Cause No. 49A02-1201-SP-48 (Ind. Ct. App. February 24, 2012); *Tyson v. State*, Cause No. 49A05-1210-SP-504 (Ind. Ct. App. November 2, 2012).

[5] The current case began when Tyson filed a motion to correct erroneous sentence. He submitted the transcript from his original trial in support of his motion. The court denied the motion, and this appeal followed.

[6] Tyson argues the trial court should have granted his motion to correct erroneous sentence because his sentence was the result of an inappropriate double enhancement. The State responds that Tyson's motion does not comply with the standards that govern motions to correct erroneous sentence, and, as a result, dismissal of this appeal or affirmance of the trial court's ruling is appropriate.

[7] We review a trial court's ruling on a motion to correct erroneous sentence for an abuse of discretion. *Woodcox v. State*, 30 N.E.3d 748 (Ind. Ct. App. 2015). An abuse of discretion occurs when the trial court's decision is against the logic and effects of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470 (Ind. Ct. App. 2012).

[8] The statute that governs motions to correct erroneous sentences provides, in relevant part:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Ind. Code § 35-38-1-15 (1983).

[9] It is in the best interests of all parties that sentencing errors be immediately discovered and corrected. *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004). In general, such errors are most appropriately presented in a motion to correct error or in a direct appeal from the sentencing judgment. *Id.* In addition, a defendant may raise certain sentencing errors in post-conviction proceedings. *See id.* (citing Ind. Post-Conviction Rule 1, § (1)(a)(3)).

[10] A defendant may file a motion to correct erroneous sentence under Indiana Code section 35-38-1-15 as an alternative, narrower remedy. The Indiana Supreme Court has clearly stated, "a motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the

judgment imposing the sentence in light of the statutory authority." *Robinson*, 805 N.E.2d at 787. Stated slightly differently, a court considering a motion to correct erroneous sentence may consider "only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Id*. at 787-88. Claims that require consideration of the proceedings before, during or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.* at 787. Such claims must be raised on direct appeal or post-conviction proceedings. *Id.*

[11] In *Fulkrod v. State*, 855 N.E.2d 1064 (Ind. Ct. App. 2006), Fulkrod filed a motion to correct erroneous sentence, claiming the trial court erroneously enhanced his sentence based on aggravating factors that were not determined by a jury. He did not prevail and appealed. A panel of this Court concluded Fulkrod could not present his claim by way of a motion to correct erroneous sentence because the court would be required to look beyond the face of the judgment to the sentencing record.

[12] Similarly, in *Godby v. State*, 976 N.E.2d 1235 (Ind. Ct. App. 2012), Godby claimed via a motion to correct erroneous sentence that the trial court should not have cited the evidence introduced at trial as an aggravating factor. On appeal from the denial of the motion, a panel of this Court affirmed, concluding the Court could not address Godby's claim without examining documents beyond the sentencing order.

[13]     By contrast, in *Wilson v. State*, 5 N.E.3d 759 (Ind. 2014), Wilson argued his sentence violated the governing statutes because the trial court ordered him to serve the sentence for one of his offenses partially concurrently and partially consecutively with another sentence. The Indiana Supreme Court addressed Wilson's claim because it was a question of law.

[14]     In the current case, Tyson initially asserts he is raising only "questions of law." Appellant's Br. p. 15. He claims, in substance, that his aggregate sentence is erroneous because the trial court inappropriately enhanced the sentence for one of his offenses due to his criminal history and then also considered his criminal history in sentencing him for the habitual offender determination. Addressing this claim would require consideration of materials other than the sentencing order, such as the evidence presented at trial and sentencing, to determine whether the aggravating and mitigating sentencing factors are valid. Tyson effectively concedes this point by asking the Court to take judicial notice of the transcript from the habitual offender and sentencing phases of his trial. He has included those documents in his appellate filings and repeatedly cites to them in his briefs.

[15]     We agree with the State that Tyson is asking this Court to consider matters beyond the face of the sentencing order. As a result, the circumstances of this case more closely resemble those in *Fulkrod* and *Godby* than the circumstances in *Wilson*, and, pursuant to the holding in *Robinson*, Tyson's claim is not appropriately raised in a motion to correct erroneous sentence.

[16] Tyson argues the trial court and this Court may consider evidence beyond the face of the sentencing order, but the cases he cites in support of his argument are distinguishable. In *Neff v. State*, 888 N.E.2d 1249 (Ind. 2008), Neff sought to challenge the calculation of his credit time but conceded on transfer that the Department of Correction's calculation was correct. As a result, it was not necessary for the Indiana Supreme Court to address the claim he raised in his motion to correct erroneous sentence. By contrast, Tyson's claim of sentencing error would require the Court to review the record to consider the factors that were involved in sentencing.

[17] In *Hardley v. State*, 905 N.E.2d 399, 403 (Ind. 2009), another case cited by Tyson, the Indiana Supreme Court held that the State of Indiana may "present claims of illegal sentence on appeal when the issue is a pure question of law that does not require resort to any evidence outside the appellate record." Further, the State is not limited to challenging "facially erroneous sentences" but may raise any appropriate claim. *Id.* at 404. The Court distinguished the circumstances of *Hardley* from the circumstances in *Robinson*, noting that a "restrictive interpretation" of Indiana Code section § 35-38-1-15, as applied to the defendant in *Robinson*, is appropriate because defendants may also present sentencing claims by direct appeal or through post-conviction relief. *Id.* at 402. Thus, the holding in *Hardley* may not reasonably be read as changing the holding in *Robinson* that a defendant filing a motion to correct erroneous sentence may present only claims that can be resolved by considering the sentencing order and no other portions of the record.

[18] Finally, Tyson argues the Indiana Supreme Court's holding in *Robinson* was "abrogated" by the Indiana Supreme Court's amendment of Indiana Evidence Rule 201, which governs judicial notice. Appellant's Br. p. 51. In 2009, the Indiana Supreme Court amended Rule 201 to allow courts to take judicial notice of court records. *In re Paternity of P.R.*, 940 N.E.2d 346 (Ind. Ct. App. 2010). Tyson claims Rule 201 now allows, if not requires, trial and appellate courts to consider extrinsic evidence when addressing a motion to correct erroneous sentence.

[19] Rule 201 is a rule of general applicability in all proceedings, civil and criminal, in Indiana's courts. Ind. Evid. Rule 101(b). There is no indication that the Indiana Supreme Court intended for its amendment of Rule 201 to overrule its specific interpretation of Indiana Code section 35-38-1-15 as set forth in *Robinson*. Further, the holding in *Robinson* applies to defendants, not to courts. A defendant filing a motion to correct erroneous sentence remains barred from raising claims that go beyond the face of the sentencing order, regardless of the scope of a court's discretion to take judicial notice of facts and law.

[20] The trial court did not abuse its discretion in denying Tyson's motion to correct erroneous sentence. We decline Tyson's request to take judicial notice of the transcripts from his original trial. For the foregoing reasons, we affirm the judgment of the trial court.

[21] Judgment affirmed.

Baker, J., and Riley, J., concur.