## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 30 2019, 7:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Richard E. Hull
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard E. Hull,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

July 30, 2019

Court of Appeals Case No.
18A-PC-3067

Appeal from the Marion Superior Court

The Honorable Stanley E. Kroh, Magistrate

Trial Court Cause No.
49G03-1711-PC-43168

**Mathias, Judge.**

[1] After pleading guilty to two counts of murder and having his aggregate sentence of ninety years affirmed on appeal, Richard E. Hull ("Hull") filed a petition for

post-conviction relief in Marion Superior Court. The post-conviction court summarily denied Hull's petition for post-conviction relief. Hull appeals pro se, presenting three issues, which we restate as: (1) whether the post-conviction court erred in summarily denying Hull's petition without holding an evidentiary hearing; (2) whether the post-conviction court erred in not requesting the parties to submit proposed findings of fact and conclusions of law; and (3) whether the post-conviction court erred when the court refused Hull's request to subpoena the Marion County Court Reporter to obtain records in his underlying criminal case.

[2] We affirm.

## Facts and Procedural History

[3] Our court recounted the facts underlying Hull's convictions as follows derived from the factual basis elicited to support Hull's guilty pleas:

> [A]t six o'clock PM [on October 25, 2000], Stephen Stultz, an employee of the Teamsters Local Union at 869 South Meridian, discovered the bodies of a male and a female in a dumpster at the back of the Union address and that's just a short distance from the Meikle Street address. Those individuals were later identified as Andrew Cataldi and Tricia Nordman, roommates of ... Hull, and Sarah Pender. The male had been shot in the chest and the female in the chest and in the head with a shotgun.
>
> Descriptions of the victims and photos of their tattoos were shown on TV newscasts. A neighbor to the four individuals, Sarah Pender, Richard Hull, Andrew Cataldi and Tricia Nordman, there at 906 Meikle, contacted law enforcement and told them that she knew who the individuals were that were-had

been killed and also told them that Sarah Pender and Richard Hull also lived at that address.

A search warrant was secured by Detective Kenneth Martinez and other law enforcement officers. They searched the 906 S. Meikle address and discovered, among other things, that there was a lot of blood at the scene. DNA analysis later determined that that blood belonged to-the blood that they tested belonged to Tricia Nordman, victim in this case. It was appearing as well that there'd been an attempt to clean up the blood and conceal evidence of the murders. Jana Frederick told police that Richard Hull borrowed a plug adapter around noon on October 25, 2000, to use a carpet shampoo [machine] to clean the residence there at 906 S. Meikle.

The police found a Richard Hull and a Sarah Pender in Noblesville. When Richard Hull was questioned in the early morning of October 27, 2000, he initially denied any knowledge of what happened to Andrew Cataldi and Tricia Nordman. The detectives advised him of some of the evidence against him, including that he had borrowed from-Ronnie Herron's pickup truck the evening of October 23, 2000. That bodies had been moved in that pickup truck. The DNA analysis of the pickup truck showed that in the bed of the pickup truck was blood of Andrew Cataldi, one of the victims in this case. They advised him that [they] were aware that he and Sarah Pender had gone to a South U.S. 31 Wal-Mart. Sarah Pender was driven there by Richard Hull and a twelve-gauge shotgun had been purchased there the morning of October 24, 2000, just hours before Andrew Cataldi and Tricia Nordman were shot with a shotgun. Richard Hull was observed by the clerk who had handled the sale of the shotgun obtaining ammunition, which was brought to the counter and paid for-it was paid for by Ms. Pender. That ammunition [was] twelve gauge deer slugs. Ms. Nordman was shot twice with a twelve-gauge deer slug and both Cataldi-

Andrew Cataldi and Tricia Nordman were shot with a shotgun. DNA analysis of-excuse me. Strike that temporarily.

Richard Hull told law enforcement officers the morning of October 27, 2000, that his sister, Tabitha, owed Andrew Cataldi money. That he and Andrew got into an argument that night. Cataldi knew he had the Mossberg shotgun that had just been purchased. Cataldi went in Hull's room to try to grab the shotgun. They got in a struggle and Hull told detectives, "He said he was going to kill my f------ family" and that argument occurred just moments before the shooting actually took place in the house. On October 28, 2000, Sarah Pender, when giving their [sic] full statement to law enforcement, turned over to them a pair of black pants belonging to [Hull]. Those pants were tested and DNA tests established that the blood on those pants was that of Andrew Cataldi and Tricia Nordman. And all those events occurred in Marion County, Indiana.

*Hull v. State*, 799 N.E.2d 1178, 1179–80 (Ind. Ct. App. 2003).

[4] On October 31, 2000, the State charged Hull with two counts of murder. Hull and the State signed a written agreement in which Hull pleaded guilty to both charges and the State agreed that the total executed sentence would not exceed ninety years. At sentencing, the trial court imposed sixty-five-year executed sentences on both counts and ordered one of the counts to be staggered by ten years, for an aggregate sentence of seventy-five years. Hull appealed his sentence, arguing that the trial court's staggering of one of the sentences was an abuse of discretion. This court agreed and reversed and remanded to the trial court. On re-sentencing, the trial court imposed a ninety-year aggregate

sentence, and this court affirmed that sentence. *See Hull v. State*, 839 N.E.2d 1250, 1252 (Ind. Ct. App. 2005).

[5] On November 7, 2017, Hull filed a pro se petition for post-conviction relief consisting of two paragraphs to support his claim to relief alleging:

> That the conviction and sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy. Open to Amend [sic].

> That the courts [sic] conviction and sentence of me is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy. That the attorney appointed to me was ineffective and did not represent my best interest.

Appellant's App. p. 7.

[6] Hull did not amend his petition to add any other allegations. On December 6, 2017, the State Public Defender's Office filed a notice of non-representation. On December 15, 2017, Hull requested a subpoena duces tecum to be directed to the Marion County Court Reporter, requesting:

> The Chronological Case Summary and the Grand- Jury records and all unpublished records, any and all records that were not in the CCS that pertain to [the cause number under which Hull was convicted], all Government documents that has [sic] the signature of RICHARD E. HULL, or any forms of that name. Including but not limited to Indiana State I.D., Social Security Card, etc. etc...

Appellant's App. pp. 20–23.

[7] The post-conviction court refused to issue the subpoena, writing:

> The general claims for relief contained in the PCR do not support
> granting this request. Should this matter proceed to evidentiary
> hearing the court will take judicial notice of its file at request of
> the parties.

Appellant's App. p. 20. The State filed an answer alleging, in part, that Hull's

claims were barred by wavier and res judicata. The State then filed a motion for

summary disposition. On November 16, 2018, the post-conviction court entered

an order summarily denying Hull's petition for post-conviction relief because

Hull "raised no genuine issue of material fact, having failed to assert as grounds

any specific factual allegations in support of his claim." Hull now appeals.

## Post-Conviction Standard of Review

[8] Our standard of review of claims that a post-conviction court erred in denying

relief is well settled. That is, post-conviction proceedings are not "super

appeals" through which convicted persons can raise issues they failed to raise at

trial or on direct appeal. *Manzano v. State*, 12 N.E.3d 321, 325 (Ind. Ct. App.

2014) (citations omitted), *trans. denied*. Instead, post-conviction proceedings

afford petitioners a limited opportunity to raise issues that were unavailable or

unknown at trial and on direct appeal. *Id.* A post-conviction petitioner bears the

burden of establishing grounds for relief by a preponderance of the evidence. *Id.*

Thus, on appeal from the denial of post-conviction relief, the petitioner stands

in the position of one appealing from a negative judgment. *Id.* To prevail on

appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.*

## I. Ineffective Assistance of Counsel

[9] Hull argues that his petition for post-conviction relief, alleging ineffective assistance of counsel, presents a genuine issue of material fact, and therefore, the post-conviction court abused its discretion when it failed to hold an evidentiary hearing. We disagree. The rules governing post-conviction proceedings allow either party to move for summary disposition. Ind. Post-Conviction Rule 1(4)(g). The post-conviction court properly grants such a motion when the pleadings and any submitted evidence are such that there "is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* "On appellate review from a grant of summary judgment against a party, the nonmoving party has the burden of demonstrating that the grant of summary judgment was error." *Trueblood v. State*, 715 N.E.2d 1242, 1260 (Ind. 1999). Here, Hull's assertion is a legal conclusion, not a factual assertion. Hull did not allege any facts to support his ineffective assistance of trial counsel claim. Hull only alleged that his attorney "did not represent [his] best interest." Appellant's App. p. 7. Further, Hull did not submit any affidavits from other witnesses that might have supported his claim or request to subpoena his trial counsel. Thus, Hull failed to raise any genuine issue of material fact that would support Hull's conclusion that trial counsel was ineffective.

Hull contends that the trial court erred by denying Hull's post-conviction petition without holding an evidentiary hearing. An evidentiary hearing is not required, however, in the absence of "'specific factual allegations in support of the claim[s]' alleged by the petitioner." *Evolga v. State*, 722 N.E.2d 370, 372 (Ind. Ct. App. 2000) (quoting *Sherwood v. State*, 453 N.E.2d 187, 189 (Ind. Ct. App. 2000)). "Ind. Post–Conviction Rule 1(3)(a) provides that '[t]he petition shall be submitted in a form in substantial compliance with the standard form appended to this Rule.'" *Tyson v. State*, 868 N.E.2d 855, 858 (Ind. Ct. App. 2007), *trans. denied*. "Item 9 of that form requires the petitioner to 'state concisely … the facts which support each of the grounds....' '[W]ithout specific factual allegations in support of the claim of inadequacy of representation no evidentiary hearing is required.'" *Id.* (quoting *Hutchinson v. State*, 540 N.E.2d 109, 110 (Ind. Ct. App. 1989), *trans. denied*) (quoting *Sherwood*, 453 N.E.2d at 189)). As discussed above, Hull did not allege any specific factual circumstances to establish a genuine issue of material fact as to his trial counsel's performance. Hull failed to demonstrate how an evidentiary hearing would have aided him. Therefore, we conclude that the post-conviction court did not err by summarily denying Hull's petition for post-conviction relief.

## II. *Proposed Findings of Fact and Conclusions of Law*

Hull argues that the trial court abused its discretion when it did not order findings of facts and conclusions of law from Hull. We disagree. In the first instance, our post-conviction rules do not require the parties to submit proposed orders. Secondly, Hull did not notify the trial court during any of the hearings

in this case of his intention to file proposed findings and conclusions. Absent a showing by Hull that he asked the trial court to be allowed to file findings of facts and conclusion of law, we cannot conclude that the trial court abused its discretion by not allowing the filing of said findings and conclusions. Therefore, the post-conviction court did not err.

### III. Subpoena

[12] Hull also argues that the post-conviction court abused its discretion when it denied his request for a subpoena for the Marion County Court Reporter. Indiana Post–Conviction Rule 1(9)(b) provides in pertinent part:

> If the pro se petitioner requests issuance of subpoenas for witnesses at an evidentiary hearing, the petitioner shall specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony. If the court finds the witness' testimony would be relevant and probative, the court shall order that the subpoena be issued. If the court finds the proposed witness' testimony is not relevant and probative, it shall enter a finding on the record and refuse to issue the subpoena.

[13] The post-conviction court has discretion to determine whether to grant or deny the petitioner's request for a subpoena. *Allen v. State*, 791 N.E.2d 748, 756 (Ind. Ct. App. 2003), *trans. denied*. An abuse of discretion occurs when the court's decision is against the logic and effect of the facts and circumstances before the court. *Id.*

[14] Here, Hull sought to obtain records of his criminal case in which he pleaded guilty to two counts of murder. The post-conviction court informed Hull that

the court would take judicial notice of the underlying case's file upon request. Hull was never denied the opportunity to obtain the needed evidence.[1] Hull was informed by the trial court that the evidence he sought would be readily available to the court with a mere request, rather than a subpoena. Therefore, the subpoena was not necessary. We agree with the State that, "judicial notice is a more efficient and economical method of bringing the events of prior judicial proceedings before the post-conviction court." Appellee's Br. p. 15. The post-conviction court properly refused to issue the subpoena.

## Conclusion

Hull failed to prove that he was denied the effective assistance of trial counsel. Additionally, a post-conviction court is not required to ask for a draft order from the parties. We also conclude that Hull was not prejudiced by the post-conviction court's refusal to subpoena the Marion County Clerk to produce records relevant to his case because everything Hull needed could be accessed online or judicially noticed. Accordingly, we affirm the court's denial of Hull's petition for post-conviction relief and deny Hull's motion for remand by separate order.

May, J., and Brown, J., concur.

---

[1] In fact, everything Hull needed could be found in Odyssey, Indiana's online case management system. Because Hull cited to LexisNexis in his brief, there is a reasonable assumption that Hull had access to the internet.