Wallace A. HOWARD, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 02S03-9108-PC-632.

Supreme Court of Indiana.

Nov. 25, 1991.

Susan K. Carpenter, Public Defender, John A. England, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Ian A.T. McClean, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING

KRAHULIK, Justice.

Petitioner, Wallace A. Howard, Jr., petitions for rehearing pursuant to App.R. 11(A), claiming this Court's opinion reported at 576 N.E.2d 1253 (1991) Ind. is erroneous.

Howard pled guilty to burglary and receiving stolen property. In August of 1989, he filed a *pro se* petition for post-conviction relief. In this petition, Howard stated:

> The Petitioner does'not [sic] wish the services of the Public Defender's Office at this time. However., [sic], petitioner would want to retain this right if determined he can'not [sic] adequately proceed PRO–SE in this cause of action. The Petitioner will complete the Affidavit of Indigence.

Howard did include an affidavit of indigency in this petition. The trial court summarily denied Howard's petition without first ordering that a copy be sent to the public defender's office.

Howard argued that this failure to forward his petition to the public defender's office denied him the opportunity to consult with counsel. Howard, in his petition for rehearing, contends that this Court's opinion affirming the trial court's denial of his petition for post-conviction relief must be withdrawn because:

(1) Contrary to this Court opinion, Howard's petition did contain a properly certified affidavit of indigency; and

(2) Consequently, his situation cannot be distinguished from those in *Ferrier v. State* (1979), 270 Ind. 279, 385 N.E.2d 422 and *Sanders v. State* (1988), 273 Ind. 30, 401 N.E.2d 694, in which the trial court's failure to forward a petition was held to be erroneous.

Our statement that Howard's petition failed to include an affidavit of indigency was in error. Howard's case, however, is distinguishable from our holdings in *Ferrier* and *Sanders*.

In *Ferrier*, the defendant expressly requested counsel. In *Sanders*, no specific request for counsel was made, but an affidavit was filed by the defendant. Howard,

like Sanders, did include an affidavit as required by PCR 1 § 2. Unlike Sanders, however, Howard expressly informed the trial court that he did not wish the assistance of counsel unless it was later determined that such representation was to his advantage. Howard expected the trial judge to forward his petition to the public defender where it would necessarily receive the immediate attention of an otherwise overburdened office—ahead of others who had requested assistance without first proceeding *pro se*. Howard was simultaneously demanding the advantages of both *pro se* and state-provided representation.

In *Sanders*, this Court held that a trial judge must forward a petition despite the absence of an expressed request for counsel. It did not hold that a trial judge must forward a petition to the public defender's office in the face of an *express* denial of a desire for assistance of counsel. A defendant expressly informing the trial court that he did not wish assistance of counsel cannot later cry foul because the trial court abided by his wishes.

The petition for rehearing is hereby denied.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.