Courtney O. ARMSTEAD,
Appellant–Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 82A01–9201–PC–22.

Court of Appeals of Indiana,
First District.

July 30, 1992.

☞998(19)

Courtney O. Armstead, pro se.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

ROBERTSON, Judge.

Courtney O. Armstead appeals the summary denial of his pro se petition for post-conviction relief. He contends the post-conviction court erroneously denied his petition without holding a evidentiary hear-

ing, that the trial court failed to enter specific findings of fact, and that the court abused its discretion in denying him a continuance to seek retained counsel to act on his behalf in post-conviction proceedings. The State agrees with Armstead that the court below should not have summarily denied Armstead's petition in that Armstead has alleged he did not receive the effective assistance of counsel. We must also agree that Armstead's petition raises issues of fact which preclude a summary disposition; accordingly, we reverse and remand for an evidentiary hearing.

Armstead filed his pro se petition before he was able to retain counsel. He then sought by motion to produce to obtain transcripts of his guilty plea and sentencing hearings. The court denied this request. Armstead filed a pro se motion to amend his petition but it was never ruled upon. Thereafter, the State moved the court to proceed by affidavit; that motion was granted, but the allegations of the petition were set for hearing when Armstead's retained counsel filed an appearance and requested a hearing. Without Armstead's knowledge, counsel then moved to withdraw. The following day, the post-conviction court denied Armstead's petition without affording him a hearing or permitting him to introduce his copy of the transcript from his plea and sentencing. However, in ruling upon Armstead's petition, the post-conviction court resolved the issues raised by Armstead by taking judicial notice of

the transcripts of the guilty plea and sentencing hearings. Review of Armstead's petition discloses that, despite the State's asserted affirmative defense of res judicata, Armstead never directly appealed his conviction and sentence.

■ The court may deny a petition for post-conviction relief without further proceedings if the pleadings conclusively show the petitioner is entitled to no relief. Ind. Post–Conviction Rule 1, § 4(f); *Holliness v. State* (1986), Ind., 494 N.E.2d 305. The rule dispenses with the necessity for an evidentiary hearing when the issues are of law only. It does not, however, dispense with the need for such a hearing when the determination hinges, in whole or in part, upon facts not resolved, even though it may appear unlikely that the petitioner will be able to produce evidence sufficient to establish his claim. *Sherwood v. State* (1983), Ind., 453 N.E.2d 187; *Gann v. State* (1990), Ind.App., 550 N.E.2d 803, 804. In a post-conviction case, the post-conviction court cannot take judicial notice of the transcript of the evidence from the original proceedings absent exceptional circumstances; the transcript must be entered into evidence just as any other exhibit. *State v. Hicks* (1988), Ind., 525 N.E.2d 316, 317; *Moser v. State* (1990), Ind.App., 562 N.E.2d 1318, 1321.[1]

Armstead makes essentially four post-conviction claims, as follows: (1) that the

1. The transcript of the proceedings on Armstead's petition reflects that the trial court relied upon the Indiana Supreme Court's decisions in *Howard v. State* (1991), Ind., 576 N.E.2d 1253, *on rehearing*, 581 N.E.2d 925, in which, despite allegations of ineffective assistance of counsel, the court upheld the summary disposition of Howard's post-conviction petition. Howard claimed he could not state facts in support of his allegations until he had been supplied with the requested transcript. Citing P–C.R. 1 § 4(g), the court responded that the post-conviction court could read the petition, consult the record, and determine that there were no factual issues in dispute and dispose of the petition summarily.

Though past experience should perhaps guide us in this respect, *see e.g. Ellis v. State* (1988), Ind., 528 N.E.2d 60; *Bowling v. State* (1990), Ind., 560 N.E.2d 658; and *Watkins v. State* (1991), Ind.App., 571 N.E.2d 1262, *overruled in part,* 575 N.E.2d 624, we find it extremely unlikely that the court intended to implicitly overrule either of those cases in which it has held that an evidentiary hearing is required when the petitioner states, with specificity, his ineffectiveness of counsel claim and alleges facts in support of his claim, or alter the general rule that a post-conviction court may not take judicial notice of the record of proceedings at trial or plea and sentencing hearings. But, assuming that the court did, in fact, mean what it appears to be saying, that the post-conviction court may consider the transcript of earlier proceedings without it ever being introduced into evidence, *Howard* would not compel the result reached by the post-conviction court here because, unlike Howard, who claimed he could not properly plead the facts supporting his claims, Armstead has pleaded, with specificity, his allegations and the facts supporting them.

trial court lacked jurisdiction to try him as an adult and therefore should have granted his motion to dismiss; (2) that there was not an adequate factual basis offered for his plea and/or the evidence was insufficient to established that he attempted to break and enter a dwelling with the intent to commit theft, as charged in the State's information; (3) that his guilty plea was not entered knowingly and voluntarily; and (4) that he did not receive the effective assistance of counsel.

Armstead does not argue that there are any factual matters in dispute on the jurisdictional question which would necessitate a hearing. The post-conviction court may therefore rule upon this question as a matter of law once the transcript of the original proceedings has been properly made a part of the record. With respect to the factual basis for his plea, Armstead recites the facts to which the arresting officer testified at the change of plea hearing, namely, that Armstead was standing on a corner near a house and fled on foot when officers arrived; that the window of the dwelling had been partially cut; and that Armstead was one of two fleeing juveniles whom police apprehended. This issue too is one which may be resolved conclusively by a review of the record and application of the law.

Armstead's claim that his plea was not knowingly and voluntarily made, however, poses numerous factual controversies. Armstead asserts that it was difficult for him to comprehend the language and manner of the court's advisement and waiver of rights because of his poor educational development; that the trial court's advisement concerning whether or not it was bound by the plea agreement was ambiguous and contradictory; that the record does not affirmatively show he understood the concept of waiver; that his plea was the result of coercion brought on by the lengthy period of detention which preceded it, that he was not advised that had he proceeded to trial he would have, in all likelihood received the same sentence; and that he did not know the State's evidence, which was offered as a factual basis, was

insufficient to establish burglary as charged. In support of these allegations, Armstead alleges that he was sixteen years old at the time of the offense, that he was incarcerated with adults for a period of 232 days and that the trial court sua sponte directed that he be placed on work release but this directive was never carried out. He cites portions of the change of plea hearing advisements concerning the effect upon the court of Armstead's agreement with State which are, as Armstead contends, contradictory and ambiguous. Armstead also alleges that he would have demanded his right to trial by jury had he known of the probability he would have received the same sentence after a trial. Armstead had no prior record.

Guilty pleas which are improperly induced and are not voluntary are properly attacked by means of a P–C.R. 1 petition. A guilty plea transcript may not be conclusive, *Hunter v. State* (1985), Ind.App., 477 N.E.2d 317, 318, 321, n. 3, particularly where, as here, the transcript reflects a basis for confusion.

Lastly, among his specifications of counsel ineffectiveness, Armstead alleges that counsel was unprepared to proceed to trial and had not adequately investigated the case or apprised himself of the pertinent case and procedural law. Armstead asserts that this lack of preparedness motivated trial counsel to advise him to plead guilty. As indicative of the lack of preparation, Armstead points to the absence of pretrial motions and filings. Armstead also contends that had counsel adequately apprised himself and Armstead of the law, counsel would have known that the State could not prove attempted burglary and he would have never advised Armstead to plead guilty.

The extent of counsel's preparation, his reasons for recommending acceptance of the plea, and counsel's knowledge of the State's case are all factual questions which can only be resolved by resort to evidence. Even if the record of the change of plea hearing permits the trier of fact to conclude that the State did indeed have sufficient evidence to obtain a conviction of

attempted burglary, counsel may still not have sufficiently investigated the sources of this proof to have made an informed recommendation. Fairness dictates that Armstead be permitted to pursue this potential avenue for relief. Numerous reported decisions have required evidentiary hearings on specific allegations of incompetence of counsel. *See e.g., Sherwood,* 453 N.E.2d 187; *Ferrier v. State* (1979), 270 Ind. 279, 385 N.E.2d 422, 423; *Gann,* 550 N.E.2d 803.

In addition to its denial of Armstead's allegations, the State raised the affirmative defenses of waiver and laches. The law in Indiana is still that once the State raises the affirmative defense of laches in a post-conviction proceeding, the petitioner is entitled to an evidentiary hearing upon the issue, before the judge may find that laches applies. *Twyman v. State* (1984), Ind., 459 N.E.2d 705, 712; *Owens v. State* (1983), Ind.App., 455 N.E.2d 359, 360. As we indicated earlier, the State does not now ask us to uphold the post-conviction court's action on the ground of waiver. If this is the basis of the post-conviction court's summary ruling, its findings should so reflect. When the petition raises a legitimate issue, the requirement of findings in P–C.R. 1, § 6 enables this court to make an informed review of the post-conviction court's decision. *Gann,* 550 N.E.2d at 805.

The cause is reversed and remanded for an evidentiary hearing and for the entry of specific findings of fact.

RATLIFF, C.J., and SHARPNACK, J., concur.