Bryan F. HAMNER, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 03A01–0005–PC–171.

Court of Appeals of Indiana.

Nov. 22, 2000.

Bryan F. Hamner, Carlisle, IN, Appellant Pro Se.

Karen M. Freeman–Wilson, Attorney General of Indiana, Adam M. Dulik, Deputy Attorney General, Indianapolis, IN, Attorneys For Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Defendant, Bryan F. Hamner (Hamner), appeals the denial of his Petition for Post–Conviction Relief.

Reversed and remanded.

### ISSUE

Hamner raises three issues on appeal, one of which we find dispositive and restate as follows: whether the post-conviction court erred in denying Hamner's Petition for Post–Conviction Relief without an evidentiary hearing.

### FACTS AND PROCEDURAL HISTORY

On October 4, 1989, Hamner was charged with burglary, as a Class B felony, and theft, a Class D felony. On April 8, 1991, the State amended the charges and added an habitual offender count as well as a count charging Hamner with conspiracy, a Class B felony. On June 7, 1991, pursuant to a plea agreement, Hamner withdrew his plea of not guilty and entered a plea of guilty to the original charge of burglary. Hamner was sentenced, by the terms of the plea agreement, to ten (10) years to run consecutive to a sentence that he was serving in Johnson County.

On September 23, 1999, Hamner filed a Petition for Post–Conviction Relief, along with a Motion to Proceed by Affidavit and Motion for Scheduling Order. In his Petition for Post–Conviction Relief, Hamner alleged that his guilty plea was not entered knowingly, intelligently, and voluntarily and that his trial counsel was ineffective. On October 6, 1999, the post-conviction court entered an order granting Hamner's Motion to Proceed by Affidavit and further ordered that Hamner and the State submit affidavits. On October 7, 1999, the State filed State's Response to Defendant's Petition for Post Conviction Relief as follows:

1. The State denies the allegations contained in the defendant's Petition.

2. The State further relies upon the defenses of laches, res judicata, collateral estoppel and waiver.

(R. 131).

Hamner moved to amend his Petition for Post Conviction Relief on January 14,

2000, and on January 19, 2000, the post-conviction court granted the Motion to Amend Petition for Post Conviction Relief. On January 25, 2000, Hamner submitted an Affidavit in Support of Petition for Post–Conviction Relief. On April 20, 2000, the State submitted a memorandum in opposition to Hamner's petition and affidavit. On April 26, 2000, the post-conviction court denied Hamner's Petition for Post Conviction Relief without an evidentiary hearing. Hamner now appeals.

## DISCUSSION AND DECISION

Hamner argues that the post-conviction court erred in denying his Petition for Post–Conviction Relief without an evidentiary hearing.

■ The State claims, however, that Hamner is not entitled to relief on his claim that the post-conviction court erroneously denied his Petition for Post Conviction Relief without an evidentiary hearing, because he invited the error. It is true that "[a] party cannot invite error and then use that error as grounds for reversal." *Roach v. State*, 695 N.E.2d 934, 941 (Ind. 1998). Nonetheless, we disagree that Hamner invited error.

■ In his reply to State's memorandum, Hamner requested an evidentiary hearing on his Petition for Post–Conviction Relief to introduce testimony from his trial counsel and the deputy prosecutor who handled his case. The State argues that because Hamner did not specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony, he would not have been able to secure the issuance of a subpoena for their testimony at an evidentiary hearing. Moreover, the State maintains that because he would not have been able to have his trial counsel or the deputy prosecutor testify at an evidentiary hearing, he would not have been aided by an evidentiary hearing.

P–C.R. 1 § (9)(b) states that:

(b) In the event petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit. It need not order the personal presence of the petitioner unless his presence is required for a full and fair determination of the issues raised at an evidentiary hearing. If the pro se petitioner requests issuance of subpoenas for witnesses at an evidentiary hearing, the petitioner shall specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony. If the court finds the witness' testimony would be relevant and probative, the court shall order that the subpoena be issued. If the court finds the proposed witness' testimony is not relevant and probative, it shall enter a finding on the record and refuse to issue the subpoena.

Hamner elected to proceed pro se and the post-conviction court, at its discretion, ordered the cause submitted by affidavit on Hamner's motion. Hamner submitted an Affidavit in Support of Petition for Post–Conviction Relief. Hamner states that once it became clear that material facts continued to exist, he requested an evidentiary hearing on his Petition for Post–Conviction Relief. Hamner further states that had the post-conviction court agreed that material issues of fact existed and ordered an evidentiary hearing date set, he would have then requested the issuance of subpoenas for witnesses at the evidentiary hearing and at that time specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony. *See Id.* P–C.R. 1 § 9(b) does not state when the affidavit must be submitted. The rule states what the petitioner is required to do "[i]f the pro se petitioner requests issuance of subpoenas for witnesses at an evidentiary hearing." *Id.* It does not state when a hearing will be held or under what circumstances a hearing will be held. Thus, an evidentiary hearing could first be set and then a petitioner could submit an affidavit stating the rea-

son the witness' testimony is required and the substance of the witness' expected testimony. An evidentiary hearing was never set. Therefore, Hamner did not invite the error here.

Thus, we next turn to the issue of whether the post-conviction court erred in denying Hamner's Petition for Post–Conviction Relief without an evidentiary hearing. Ind. Post–Conviction Rule 1 § 4(f) states that "... If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." The rule dispenses with the necessity for an evidentiary hearing when the issues are of law only. *Armstead v. State*, 596 N.E.2d 291, 292 (Ind.Ct.App.1992). It does not, however, dispense with the need for an evidentiary hearing when the determination hinges, in whole or in part, upon facts not resolved, even though it may appear unlikely that the petitioner will be able to produce evidence sufficient to establish his claim. *Id.* This is true even though the petitioner has only a remote chance of establishing his claim. *Gann v. State*, 550 N.E.2d 803, 804–805 (Ind.Ct.App.1990).

There are unresolved factual disputes in this case. Hamner was called as a witness in the trial of a co-defendant. Hamner claims that he made incriminating statements about himself at this trial. Furthermore, Hamner contends that these statements were obtained without the benefit of counsel due to the prosecutor's failure to make appointed counsel aware that he would be called as a witness and questioned concerning crimes for which he had already represented. In *Dodson v. State*, 502 N.E.2d 1333, 1336 (Ind.1987), our supreme court held that "[t]he Sixth Amendment guarantees an accused the right to counsel at all critical stages of prosecution. This right is violated when the government intentionally creates a situation likely to induce an incriminating statement from a charged defendant in the absence of counsel." *Id.* (citations omitted).

Additionally, Hamner claims that his eventual guilty plea was coerced by the threat of using the incriminating statements made by Hamner at his co-defendant's trial. In *Haviland v. State*, 677 N.E.2d 509, 515 (Ind.1997), our supreme held that "[i]n determining whether a statement was voluntarily given, we look to all the circumstances surrounding its giving to determine whether it was induced by any violence, threats, promises, or other improper influences. The same test determines whether a waiver of the Miranda rights has occurred." *Id.* (quoting *Buie v. State* 633 N.E.2d 250, 256 (Ind. 1994)).

Nevertheless, the State claims that Hamner's pleadings show that he was not entitled to relief on his claim that his guilty plea was not knowingly, voluntarily, and intelligently entered. Moreover, the State asserts that a transcript of Hamner's guilty plea hearing submitted with his affidavit shows that he knew and understood the constitutional rights that he gave up by pleading guilty, the potential sentences he faced, and that the trial court could impose those sentences concurrently or consecutively. However, in *Armstead*, 596 N.E.2d at 293, this court held that "[g]uilty pleas which are improperly induced and are not voluntary are properly attacked by means of a P–C.R. 1 petition. A guilty plea transcript may not be conclusive."

Consequently, in regard to Hamner's claim that his guilty plea was not knowingly, voluntarily, and intelligently entered, we find that there are facts not yet resolved.

Hamner also argues that he received ineffective assistance of counsel. Hamner claims that his trial counsel was ineffective for not seeking to suppress his testimony at the trial of his co-defendant, where he had made incriminating statements, before he entered his guilty plea and by telling Hamner that he could do nothing to preclude the State from introducing these statements if he proceeded to trial.

However, the State asserts that the post-conviction court affords a strong presumption that counsel rendered effective assistance and made all significant decisions in the exercise of reasonable professional judgment. *Wilcoxen v. State,* 705 N.E.2d 198, 204 (Ind.Ct.App.1999). The State also contends that a motion to suppress Hamner's testimony would have been meritless and his trial counsel cannot be ineffective for choosing not to file such a motion. *See Norwood v. State* 670 N.E.2d 32, 34 (Ind.Ct.App.1996).

In response to this, Hamner argues that the proper inquiry is not whether Hamner's trial counsel was in fact effective or adequate; rather, the question is whether there existed a genuine issue of material fact as to the effectiveness or adequacy of Hamner's counsel. *See Tooley v. State,* 156 Ind.App. 636, 297 N.E.2d 856, 857–858 (1973). We agree.

In *Tooley,* there was a general allegation of ineffective counsel by Tooley and an unverified general denial thereof by the State, with no supporting material filed by either party. *Id.* at 857. This court held that "[o]bviously, both allegations cannot be accepted as true. These allegations being mutually exclusive, only one may be true. Resolution of this conflict required a finding of fact." *Id.*

In the present case, we have a similar situation. Hamner filed his Petition for Post Conviction Relief and the State filed a general denial of thereof. Clearly, both allegations cannot be accepted as true. As shown above, both parties have raised legal and factual issues to support their allegations. There are questions that have been raised as to whether there existed a genuine issue of material fact as to the voluntariness of Hamner's guilty plea and to the effectiveness or adequacy of Hamner's counsel.

Consequently, we find that the post-conviction court improperly denied Hamner an evidentiary hearing on his Petition for Post Conviction Relief. There are facts not resolved. Whether it is unlikely that Hamner will succeed on his claims is inconsequential. At the very least, Hamner has a remote chance of establishing his claim. *See Gann,* 550 N.E.2d at 804–805. Therefore, we find that an evidentiary hearing is necessary.

## *CONCLUSION*

Based on the foregoing, we conclude that the post-conviction court erred in denying Hamner's Petition for Post Conviction Relief without an evidentiary hearing.

Judgment is hereby reversed and remanded for a hearing consistent with P–C.R. 1.

DARDEN, J., and ROBB, J., concur.