

**FILED**

Jul 22 2015, 9:56 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Rodolfo S. Monterrosa, Jr.
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Abdullatip Osmanov,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 22, 2015

Court of Appeals Case No.
35A04-1412-PC-568

Appeal from the Huntington Superior Court

Lower Court Cause No.
35D01-1410-PC-14

The Honorable Jeffrey R. Heffelfinger, Judge

**Pyle, Judge.**

## Statement of the Case

[1] Abdullatip Osmanov ("Osmanov"), a United States permanent resident who pled guilty to a felony and a misdemeanor, filed a petition for post-conviction relief, in which he claimed that his plea was entered unknowingly and that his trial counsel was ineffective, with both claims dependent on his contention that

he had not been advised of the risk of deportation. Before the State filed a response to the petition, the post-conviction court—relying on a written advisement and waiver of rights form and the transcript from Osmanov's guilty plea—summarily denied Osmanov's post-conviction petition because the advisement/waiver form contained an advisement that a felony conviction could result in the possibility of deportation and because Osmanov stated during the guilty plea hearing that he had read the advisement and discussed it with his attorney. On appeal, Osmanov challenges both the propriety of the post-conviction court's entry of a summary denial and the denial of his two post-conviction claims. We find Osmanov's issue regarding the summary disposition to be dispositive and conclude that the post-conviction court erred by summarily denying Osmanov's post-conviction petition. Accordingly, we reverse the post-conviction court's judgment and remand for further proceedings.

[2] We reverse and remand.

# Issue[1]

Whether the post-conviction court erred by summarily denying Osmanov's post-conviction petition.

---

[1] Osmanov raises three issues on appeal. Because we find the first one dispositive, we will not address the remaining two.

## Facts

In April 2013, the State charged Osmanov, who was a United States permanent resident, with Class D felony theft[2] and Class B misdemeanor failure to stop after an accident resulting in non-vehicle damage.[3] In May 2013, Osmanov pled guilty, pursuant to a written plea agreement, to the crimes as charged. When doing so, he filed a "Written Advisement and Waiver of Rights" form with the trial court. (App. 4). The trial court sentenced Osmanov to three (3) years, with two (2) years and 357 days suspended to probation, for Osmanov's Class D felony conviction and to 180 days, with 172 days suspended to probation, for his Class B misdemeanor conviction, and it ordered that these sentences be served concurrently.

On October 29, 2014, Osmanov, by counsel, filed a petition for post-conviction relief.[4] In his petition he raised the following claims: (1) his guilty plea was not entered knowingly because he was "unaware of the immigration consequences that a criminal conviction would have on his legal permanent resident status[;]" and (2) he had received ineffective assistance of trial counsel in regard to his

---

[2] IND. CODE § 35-43-4-2.

[3] I.C. § 9-26-1-4. This statute was repealed effective January 1, 2015.

[4] In between Osmanov's sentencing and the filing of his post-conviction petition, he admitted that he had violated the terms of his probation, and the trial court ordered him to serve an additional 180 days of his original sentence and modified the terms of his probation to include drug testing.

guilty plea, pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010), because his counsel had failed to advise him of the risk of deportation. (App. 9).

[5] Twelve days later and before the State had filed an answer, the post-conviction court issued an order, summarily denying Osmanov's petition for post-conviction relief. In its order, the post-conviction court quoted Osmanov's two claims from his post-conviction petition and gave its reasons for denying relief as follows:

> The Court would note that at the time defendant entered his written Motion to Enter a Plea of Guilty that the defendant also filed with the Court a Written Advisement and Waiver of Rights, which he and his attorney signed. The defendant represented to the Court that he had read the advisement, that he had discussed it with his attorney and that he understood it.
>
> Paragraph 7 of his Written Advisement and Waiver of Rights states: "If you are not a citizen of the United States of America, a felony conviction may have severed [sic] adverse consequences on your immigration status, including the possibility of deportation."

(App. 12). Thus, when ruling on Osmanov's post-conviction petition, the post-conviction court apparently took judicial notice of and relied upon documents outside of the post-conviction proceeding—i.e., Osmanov's Written

Advisement and Waiver of Rights form and guilty plea transcript from his criminal proceeding.[5] Osmanov now appeals.

# Decision

[6] Osmanov appeals from the post-conviction court's order summarily denying post-conviction relief on his claims of an unknowing guilty plea and ineffective assistance of trial counsel.

[7] Our standard of review in post-conviction proceedings is well settled. "Post-conviction procedures . . . create a narrow remedy for subsequent collateral challenges to convictions, challenges which must be based on grounds enumerated in the post-conviction rules." *Williams v. State*, 706 N.E.2d 149, 153 (Ind. 1999), *reh'g denied*, *cert. denied*. "Petitioners bear the burden of establishing their grounds for relief by a preponderance of the evidence." *Id.* However, "[w]hen one appeals the negative judgment of a post-conviction court, the standard is even more rigorous[,]" and such petitioners "must show that the evidence as a whole, 'leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court.'" *Id.* at 154 (quoting *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993), *reh'g denied*).

---

[5] Our review of the record on appeal reveals that the post-conviction court did not include the written advisement/waiver form in the post-conviction record; nor did Osmanov include it in his Appellant's Appendix. The guilty plea transcript is also not part of the appellate record.

[8] Osmanov argues that the post-conviction court erred by: (1) summarily denying his petition for post-conviction relief without holding a hearing; and (2) denying post-conviction relief on his two post-conviction claims. We find that Osmanov's first issue is dispositive and will only address that issue.

[9] In regard to Osmanov's summary disposition argument, he contends that the post-conviction court erred by summarily denying his post-conviction relief without holding an evidentiary hearing. Osmanov asserts that the post-conviction court's summary denial was erroneous because his claims raised issues of fact that were inappropriate for such a summary disposition. Additionally, Osmanov argues that the post-conviction court erred because it "referred to his guilty plea hearing in making its decision" but did not enter the guilty plea court records into evidence. (Osmanov's Br. 6). More specifically, he contends that the post-conviction court erred by taking judicial notice of the guilty plea records from his original criminal proceeding and cites to *Armstead v. State*, 596 N.E.2d 291 (Ind. Ct. App. 1992), to support his contention.

[10] The State does not address the propriety of the post-conviction court's introduction of or reliance upon evidence from Osmanov's guilty plea proceeding; nor does it directly respond to Osmanov's contention that the post-conviction court erred by taking judicial notice of these underlying records. Instead, the State asserts that the post-conviction court properly entered a summary denial on Osmanov's post-conviction claims under Post-Conviction Rule 1(4)(g) and properly denied his claims because Osmanov's "conduct at his

guilty plea hearing and the Written Advisement and Waiver of Rights he endorsed" "refuted" his post-conviction claims.[6] (State's Br. 10).

[11] Turning to Osmanov's general contention that the post-conviction court erred by summarily denying his petition without a hearing, we have previously explained that Post-Conviction Rule 1(4) provides two different subsections under which a post-conviction court may deny a petition without a hearing— subsection (f) and subsection (g)—and that each one has a different applicable standard of review. *See Binkley v. State*, 993 N.E.2d 645, 649-50 (Ind. Ct. App. 2013) (citing *Allen v. State*, 791 N.E.2d 748, 752-53 (Ind. Ct. App. 2003), *trans. denied*). Subsection (f) provides that a post-conviction court "may deny the

---

[6] The State also contends that Osmanov waived review of this issue, arguing that he did so because he: (1) failed to make "any effort . . . to subpoena any witnesses, to present his evidence through affidavit, or to have an evidentiary hearing[;]" (2) failed to provide an adequate record on appeal because his appendix does not include the Written Advisement and Waiver of Rights form referenced by the post-conviction court; and (3) failed to provide cogent argument regarding the post-conviction court's disposition of his case without an evidentiary hearing. (State's Br. 6).

We disagree with the State's assertions of waiver. First, Osmanov did not waive appellate review of his challenge to the post-conviction court's summary disposition of his case by failing to subpoena witnesses, present affidavits, or request a hearing. The post-conviction court summarily denied Osmanov's post-conviction petition a mere twelve days after he filed it. Indeed, the rapid denial of his petition—which is exactly what he is challenging on appeal—did not leave time for Osmanov to do any of the acts that the State now faults him for not doing.

Second, Osmanov also did not waive review of this issue due to his failure to include the Written Advisement and Waiver of Rights form in his Appellant's Appendix. Appellate Rule 49(B) provides that a party's "failure to include any item in an Appendix shall not waive any issue or argument." Furthermore, it does not appear, from our review of the record on appeal, that the post-conviction court included this form in the record. Moreover, as explained later in the opinion, the post-conviction court's reliance on this form and the guilty plea transcript was not proper where, as here, the court's summarily denial of Osmanov's was based on Post-Conviction Rule 1(4)(f).

Third and lastly, we disagree with the State's contention that Osmanov has waived his summary disposition argument based on a failure to provide a cogent argument. Osmanov clearly argues that the post-conviction court erred by summarily denying his post-conviction petition and provides citation to case law to support his argument.

petition without further proceedings" if "the *pleadings* conclusively show that [the] petitioner is entitled to no relief[.]" Ind. Post-Conviction Rule 1(4)(f) (emphasis added). Subsection (g) provides that a post-conviction court:

> may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

P-C.R. 1(4)(g).

[12] Here, the record on appeal reveals that neither party filed a motion for summary disposition or submitted affidavits or other evidence. Indeed, the parties did not even have time to do so as the post-conviction court denied Osmanov's petition less than two weeks after he filed it and before the State had a chance to file an answer within the thirty-day response period. *See* P-C.R. 1(4)(a). Because neither party filed a motion for summary disposition or submitted any sort of evidence, the post-conviction court's summary denial would not have been based on Indiana Post-Conviction Rule 1(4)(g). *See Binkley*, 993 N.E.2d at 650 (clarifying that subsection (g) is "triggered" *only* when the parties have submitted affidavits, referred to evidence, or filed a motion for summary disposition) (emphasis added); *Allen*, 791 N.E.2d at 753 (explaining that "[u]nder the plain language" of subsection (g), a post-conviction court "may grant summary disposition after 'a motion by either party' and after considering the pleadings and other evidence submitted" by the

parties) (quoting P-C.R. 1(4)(g)). Instead, the post-conviction court's summary disposition would have been based on subsection (f).

[13] "When a court disposes of a petition under subsection f, we essentially review the lower court's decision as we would a motion for judgment on the pleadings." *Allen*, 791 N.E.2d at 752. "The [post-conviction] court errs in disposing of a petition in this manner unless '*the pleadings* conclusively show that petitioner is entitled to no relief.'" *Id.* at 752-53 (quoting P-C.R. 1(4)(f)) (emphasis added). If a post-conviction petition contains claims that allege only "errors of law," then the post-conviction court may determine, without a hearing, whether the petitioner is entitled to relief on those claims. *Id.* at 753. *See also Clayton v. State*, 673 N.E.2d 783, 785 (Ind. Ct. App. 1996). "However, if the facts pled raise an issue of possible merit, then the petition should not be disposed of under section 4(f)." *Id.* "'This is true even though the petitioner has only a remote chance of establishing his claim." *Id.* (quoting *Clayton*, 673 N.E.2d at 785). The post-conviction court "should accept the well-pled facts as true and determine whether the post-conviction petition raises an issue of possible merit." *Id.* at 756.

[14] Osmanov alleged in his post-conviction petition that his guilty plea was unknowingly entered because he was "unaware of the immigration consequences that a criminal conviction would have on his legal permanent resident status" and that he had received ineffective assistance of trial counsel in regard to his guilty plea, pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010), because his counsel failed to advise him of the risk of deportation. (App. 9).

Both of Osmanov's claims are based on questions of fact, not law, in regard to his awareness of the risk of deportation. Indeed, we have repeatedly held that the "issue of the effectiveness of counsel is an evidentiary question" and that the resolution of such an issue "revolves around the particular facts of each case." *Kelly v. State*, 952 N.E.2d 297, 300 (Ind. Ct. App. 2011). *See also Binkley*, 993 N.E.2d at 650 (explaining that the issue of ineffective assistance of counsel is "fact sensitive"); *Allen*, 791 N.E.2d at 756; *Evolga v. State,* 722 N.E.2d 370, 372 (Ind. Ct. App. 2000); *Clayton*, 673 N.E.2d at 786. "Consequently, when a petitioner alleges ineffective assistance of counsel, and the facts pled raise an issue of *possible* merit, the petition should not be summarily denied." *Kelly*, 952 N.E.2d at 300 (emphasis added). Additionally, we have found that the issue of voluntariness of a guilty plea involve issues of fact not appropriate for summary disposition. *See Hamner v. State*, 739 N.E.2d 157, 161 (Ind. Ct. App. 2000).

[15] Again, Osmanov's post-conviction petition alleged that his trial counsel was ineffective and that his plea was unknowingly entered because he was not aware or advised of the risk of deportation. The post-conviction court summarily denied the petition before the State had the opportunity to respond. In its order, the post-conviction court referred to and relied upon documents outside of the post-conviction proceeding—i.e., Osmanov's Written Advisement and Waiver of Rights form and guilty plea transcript from his criminal proceeding—when denying post-conviction relief. This apparent judicial notice by the post-conviction court suggests that it applied an inappropriate standard when reviewing Osmanov's claims. *See Allen*, 791

N.E.2d at 755-756 (holding that the post-conviction court's language that the petitioner's ineffective assistance of counsel claim was without merit because "the evidence of record" and the petitioner's contentions "suggested no good faith reasons for the Court to conclude otherwise" suggested that the post-conviction court applied an inappropriate standard when reviewing the petitioner's claim). "At this stage of the [post-conviction] proceedings, we have only the pleadings[.]" *Id.* at 756. As a result, the post-conviction court's consideration of the advisement/waiver form and the transcript from Osmanov's guilty plea hearing, when it was summarily disposing of his petition under Post-Conviction Rule 1(4)(f), was not appropriate in this specific instance.[7] *See id.* "Rather, the [post-conviction] court should [have] accept[ed] the well-pled facts as true and determine[d] whether the petition raise[d] an issue of possible merit." *Id.*

[16] Osmanov's petition—when reviewed without considering documents outside the pleadings—pled facts that raised issues of possible merit. Thus, the post-conviction court erred by summarily denying relief on his post-conviction

---

[7] We clarify that the impropriety of the post-conviction court's act of taking judicial notice is specifically limited to the precise facts involved in this case. Indeed, we reject Osmanov's suggestion that the post-conviction court cannot, in any circumstance, take judicial notice in a post-conviction proceeding, as well as, his reliance on *Armstead* to support his suggestion. We note that *Armstead* was issued before the effective date of Indiana Evidence Rule 201, which provides that courts, including a post-conviction court, may take judicial notice of "records of a court of this state" and of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Evid. R. 201(b)(5), 201(a)(1)(B), respectively. Additionally, Indiana Post-Conviction Rule 1(4)(d) provides that when a post-conviction "petition is challenging a sentence imposed following a plea of guilty, the court shall make a part of the record the certified transcript made pursuant to [Criminal Rule] 10." However, because the post-conviction proceeding before us was at the summary disposition stage under Post-Conviction Rule 1(4)(f), consideration of judicially-noticed records or documents was not appropriate at this specific stage.

petition under Post–Conviction Rule 1(4)(f). Accordingly, we must reverse the post-conviction court's summary denial and remand for further proceedings on his ineffective assistance of counsel and unknowing guilty plea claims. *See, e.g.*, *Binkley*, 993 N.E.2d at 651 (reversing the post-conviction court's summary denial under Post–Conviction Rule 1(4)(f) where the petitioner's claim of ineffective assistance of counsel raised an issue of possible merit); *Kelly*, 952 N.E.2d at 300-01 (holding that the post-conviction court's summary denial of a post-conviction petition was erroneous and remanding for a hearing on the petitioner's ineffective assistance of counsel claim); *Allen*, 791 N.E.2d at 756 (reversing the post-conviction court's summary denial under Post–Conviction Rule 1(4)(f) where the post-conviction court inappropriately considered matters outside the pleadings); *Hamner*, 739 N.E.2d at 161 (remanding for an evidentiary hearing where fact issues were involved in the petitioner's claims of voluntariness of a guilty plea and effectiveness of counsel); *Armstead v. State*, 596 N.E.2d 291, 293-94 (Ind. Ct. App. 1992) (reversing a post-conviction court's summary denial of a petitioner's claims of unknowing guilty plea and ineffective assistance of counsel and remanding for a hearing).

[17]     Reversed and remanded.

Crone, J., and Brown, J., concur.