## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2019, 9:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

William R. Neeb
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William R. Neeb,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 29, 2019

Court of Appeals Case No.
18A-PC-2058

Appeal from the Hamilton
Superior Court

The Honorable Steven R. Nation,
Judge

Trial Court Cause No.
29D01-1603-PC-1664

**Najam, Judge.**

# Statement of the Case

William Neeb appeals the post-conviction court's denial of his petition for post-conviction relief. He presents a single issue for our review, namely, whether the post-conviction court erred when it summarily dismissed his petition. We reverse and remand for further proceedings.

# Facts and Procedural History

On direct appeal, this Court set out the facts and procedural history as follows:

> On July 23, 2014, Detective Elizabeth Hubbs of the Hamilton County[-]Boone County Drug Task Force was investigating Neeb while working as an undercover officer. Detective Hubbs and Alesia, a confidential informant who had arranged a meeting with Neeb, traveled to Neeb's trailer located in Noblesville. Detective Hubbs possessed a covert video camera, a digital recorder, and a microphone.
>
> After Neeb and Detective Hubbs disagreed about the location of the deal, the trio agreed to meet at a nearby Speedway gas station. Detective Hubbs and Neeb began discussing the price for 3.5 grams of methamphetamine. Neeb stated the price was $325.00 and confirmed Detective Hubbs was receiving a "first time buyer's discount[.]" Transcript at 289. Alesia mentioned if they were satisfied with the methamphetamine then they would want more. Neeb indicated he could get more and that he was almost "always on[,]" signifying the pair could contact him at any time for more methamphetamine. *Id.* at 287. Ultimately, Detective Hubbs paid Neeb and took possession of the methamphetamine.
>
> Four days later, Detective Hubbs texted Neeb to arrange another methamphetamine purchase. Neeb responded and stated he could obtain a quarter ounce of methamphetamine. On August

4, Detective Hubbs met Neeb at a Dollar General store in Noblesville. In exchange for $575.00, Neeb gave Detective Hubbs 6.6 grams of methamphetamine. Two days later, Neeb texted Detective Hubbs inquiring as to how the most recent batch of methamphetamine worked for her. They then arranged a third meeting. On August 14, the two met at the same Dollar General store. In exchange for $1,100.00, Neeb gave Detective Hubbs 12.81 grams of methamphetamine. Neeb was arrested several days later.

The State charged Neeb with Count I, Level 4 felony dealing in methamphetamine and Count II, Level 6 felony possession of methamphetamine for the July 23 transaction; Count III, Level 3 felony dealing in methamphetamine and Count IV, Level 5 felony possession of methamphetamine for the August 4 transaction; and Count V, Level 2 felony dealing in methamphetamine and Count VI, Level 4 felony possession of methamphetamine for the August 14 transaction.

* * *

At trial, the jury found Neeb guilty on all counts, and the trial court entered a judgment of conviction on Counts I, III, and V. The trial court sentenced Neeb to thirty years in the Department of Correction.

*Neeb v. State*, No. 29A02-1503-CR-145, 2015 WL 5944451, at *1-2 (Ind. Ct. App. Oct. 13, 2015), *trans. denied*. Neeb raised two issues on direct appeal: whether the State presented sufficient evidence to rebut his entrapment defense and whether his sentence was inappropriate in light of the nature of the offenses and his character. We affirmed Neeb's convictions and sentence. *Id.* at *5.

[3] Thereafter, Neeb filed a petition for post-conviction relief, and on June 11, 2018, he filed an amended petition alleging in relevant part that he was denied the effective assistance of trial counsel when his counsel did not depose the confidential informant or subpoena her to testify at trial. The State moved for summary disposition of Neeb's petition. The post-conviction court granted that motion and summarily denied Neeb's petition for post-conviction relief. In its order, the court stated in relevant part as follows:

> The Court being duly advised now FINDS that Petitioner's Amended Verified Petition For Post-Conviction Relief should be and is hereby DISMISSED, in that *the issue of entrapment that was raised in the Amended Petition was presented at trial and resolved by the Court of Appeals.* Therefore even if the Petitioner could be able to establish that his counsel was ineffective the Petitioner would not be able to show that such ineffective assistance was prejudicial. *The Court of Appeals has established the law of the case and has found that there was sufficient evidence for the jury to find that the defendant was predisposed to commit the crimes for which the jury found him guilty*.

Appellant's Br. at 20 (emphases added). This appeal ensued.

## Discussion and Decision

[4] Neeb appeals the post-conviction court's summary disposition of his petition for post-conviction relief. As our supreme court has explained:

> An appellate court reviews the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a motion for summary judgment. Thus summary disposition, like summary judgment, is a matter for appellate *de*

*novo* determination when the determinative issue is a matter of law, not fact.

*Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008) (citations omitted). In summary judgment proceedings, the moving party (here, the State) is the party that bears the burden to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Hughley v. State*, 15 N.E.3d 1000, 1003-04 (Ind. 2014). However, a trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court (here, Neeb) has the burden of demonstrating that the grant of summary judgment was erroneous. *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012), *trans. denied*.

[5] In his petition for post-conviction relief, Neeb alleged that he was denied the effective assistance of trial counsel. It is well settled that the issue of the effectiveness of counsel is an evidentiary question and that the resolution of such an issue revolves around the particular facts of each case. *Osmanov v. State*, 40 N.E.3d 904, 909 (Ind. Ct. App. 2015). "'Consequently, when a petitioner alleges ineffective assistance of counsel, and the facts pled raise an issue of possible merit, the petition should not be summarily denied.'" *Id.* (quoting *Kelly v. State*, 952 N.E.2d 297, 300 (Ind. Ct. App. 2011)).

[6] In its order denying Neeb's post-conviction petition on summary disposition, the post-conviction court found that, because this Court had "resolved" the "issue of entrapment," the "law of the case" doctrine precluded Neeb's ineffective assistance of counsel claim. Appellant's Br. at 20. The law of the

case doctrine "is a discretionary tool by which appellate courts decline to revisit legal issues already determined on appeal in the same case and on substantially the same facts." *Clemons v. State*, 967 N.E.2d 514, 519 (Ind. Ct. App. 2012), *trans. denied*. To invoke the law of the case doctrine, the matters decided in the prior appeal clearly must appear to be the only possible construction of an opinion, and questions not conclusively decided in the prior appeal do not become the law of the case. *Id.*

[7] On direct appeal, we addressed and rejected Neeb's contention that the State presented insufficient evidence to rebut his entrapment defense. However, Neeb's contention in his petition for post-conviction relief that his trial counsel was ineffective when his counsel did not call the confidential informant to testify at trial "is a separate and distinct inquiry from whether there [wa]s sufficient evidence" to rebut his entrapment defense. *See Binkley v. State*, 993 N.E.2d 645, 651 (Ind. Ct. App. 2013). In short, contrary to the post-conviction court's assessment, our resolution of the sufficiency of the evidence on entrapment did not resolve the issue raised by Neeb in his post-conviction petition, and the law of the case doctrine does not preclude his post-conviction claim of ineffective assistance of counsel.

[8] We have previously held that, as a matter of law, a petitioner for post-conviction relief raised "an issue of possible merit" to defeat a summary disposition where he asserted ineffective assistance of counsel for counsel's failure to depose a material witness. *See Allen v. State*, 791 N.E.2d 748, 756 (Ind. Ct. App. 2003), *trans. denied*. Thus, here, while it may be unlikely that the

jury would have found differently had the confidential informant testified as Neeb suggests she would have, we cannot say that Neeb has not pleaded facts in support of his ineffective assistance of counsel claim that raise an issue of possible merit. *Osmanov*, 40 N.E.3d at 909. The issue raised by Neeb in his petition for post-conviction relief is for the trier of fact, and the post-conviction court erred when it summarily denied Neeb's petition. *Id.* Accordingly, we reverse the post-conviction court's summary denial of Neeb's petition for post-conviction relief.

[9] Reversed and remanded for further proceedings.

Baker, J., and Robb, J., concur.