## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 22 2021, 8:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

William Thomas Gudger
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Thomas Gudger,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 22, 2021<br><br>Court of Appeals Case No.<br>20A-PC-1184<br><br>Appeal from the Howard Superior Court<br><br>The Honorable Brant J. Parry, Judge<br><br>Trial Court Cause No.<br>34D02-1910-PC-3367 |

**Pyle, Judge.**

# Statement of the Case

William Thomas Gudger ("Gudger") appeals the post-conviction court's summary denial of his petition for post-conviction relief. Gudger filed an amended petition for post-conviction relief, in which he claimed that his appellate counsel was ineffective. Before the State had filed an answer to the amended petition, the post-conviction court summarily denied Gudger's post-conviction petition.

On appeal, Gudger argues that the post-conviction court erred by denying his petition. In response, the State points out that the post-conviction court engaged in a procedural error by summarily denying Gudger's post-conviction petition that was premised on a factual claim of ineffective assistance of counsel. The State requests that our Court remand this case for further proceedings. We agree with the State that the post-conviction court erred by summarily denying Gudger's post-conviction petition. Accordingly, we reverse the post-conviction court's judgment and remand for further proceedings.

We reverse and remand.

# Issue

Whether the post-conviction court erred by summarily denying Gudger's post-conviction petition.

# Facts

In 2016, the State charged Gudger with Level 3 felony robbery. Before trial, Gudger filed a motion to suppress the evidence seized pursuant to search warrants from his residence and his hotel room as well as his statement to police. The trial court denied the motion. In January 2018, a jury found Gudger guilty as charged, and the trial court imposed a fifteen (15) year sentence.

Gudger, by counsel, appealed his conviction. *See Gudger v. State*, No. 18A-CR-525 (Ind. Ct. App. June 18, 2019). On appeal, Gudger argued that the trial court had abused its discretion when it admitted into evidence items that the police had seized during a search of his residence. Specifically, he argued that "the search of his residence was illegal because the search warrant lacked probable cause." *Id.* at *4. A majority of the panel from this Court determined that "we need not decide whether there was probable cause to issue the search warrant." *Id.*[1] This Court explained that Gudger was required to "demonstrate *both* that the warrant lacked probable cause *and* that the good faith exception d[id] not apply" and that Gudger had failed to make an argument that the good faith exception did not apply. *Id.* (emphasis in original). We also pointed out that Gudger had failed to show or even argue that his case fell under one of the two situations where the good faith exception

---

[1] One member of the panel filed a concurring opinion and stated that there was probable cause to issue the search warrant.

does not apply. Accordingly, this Court held that Gudger had "not met his burden on appeal to demonstrate that the trial court erred when it admitted as evidence items seized pursuant to the search of his residence." *Id.* Lastly, we held that Gudger had failed to make a cogent argument regarding his assertion that the trial court should have suppressed the evidence seized during a search of Gudger's hotel room and his statement to police. *Id.* at n.3.

[6] In October 2019, Gudger filed a pro se petition for post-conviction relief, raising a claim of ineffective assistance of appellate counsel. Thereafter, Gudger filed a motion for leave to file an amended post-conviction petition, and the post-conviction court granted his motion. On May 7, 2020, Gudger filed a pro se amended post-conviction petition, in which he provided further details regarding his ineffective assistance of appellate counsel claim and attached various exhibits in support of his petition. Gudger argued that his appellate counsel was ineffective by failing to effectively argue the issue of probable cause and by failing to address the good faith exception, which, he asserted, could not be dismissed as a strategic decision.

[7] Eight days later and before the State had filed an answer, the post-conviction court issued an order, summarily denying Gudger's petition for post-conviction relief. The post-conviction court's order did not contain any findings of fact or conclusions of law as required under Post-Conviction Rule 1(6). Gudger now appeals.

# Decision

[8] Gudger appeals from the post-conviction court's order summarily denying post-conviction relief on his claim of ineffective assistance of appellate counsel.

[9] The State contends that we need not review the substantive merits of Gudger's claim because of the procedural error that requires "[t]his case [to] be remanded for further proceedings under the post-conviction rules." (State's Br. 11). Specifically, the State points out that the post-conviction court's summary denial of Gudger's petition was not proper under Indiana Post-Conviction Rule 1(4)(f) or 1(4)(g) and that Gudger's claim of ineffective assistance of counsel was a fact-sensitive issue that should not be summarily denied.

[10] We agree with the State that a remand for further proceedings is required. As this Court has explained in various cases, including *Osmanov v. State*, 40 N.E.3d 904 (Ind. Ct. App. 2015) and *Binkley v. State*, 993 N.E.2d 645 (Ind. Ct. App. 2013), *reh'g denied*, Post-Conviction Rule 1(4) provides two different subsections under which a post-conviction court may deny a petition without a hearing: (1) subsection (f), which allows summary denial if "the pleadings conclusively show that [the] petitioner is entitled to no relief[;]" or (2) subsection (g), under which a court may grant a summary disposition after "a motion by either party.]" *See* Ind. Post-Conviction Rule 1(4). As the State acknowledges, the post-conviction court's summary denial was not proper under either subsection. Additionally, Post-Conviction Rule 1(9)(b), which provides that a post-conviction court may rule on a pro se petitioner's petition without an

evidentiary hearing where the court "order[s] the cause submitted by affidavit[,]" is not applicable in this case. *See* P-C.R. 1(9)(b). Moreover, we have explained that "'when a petitioner alleges ineffective assistance of counsel, and the facts pled raise an issue of *possible* merit, the petition should not be summarily denied.'" *Osmanov*, 40 N.E.3d at 909 (quoting *Kelly v. State*, 952 N.E.2d 297, 300 (Ind. Ct. App. 2011) (emphasis added in *Osmanov*). *See also Binkley*, 993 N.E.2d at 650 (explaining that the issue of ineffective assistance of counsel is "fact sensitive" and should not be summarily dismissed).

[11] Because the post-conviction court erred by summarily denying relief on Gudger's post-conviction petition, we reverse the post-conviction court's order and remand for further proceedings on Gudger's ineffective assistance of counsel claim. Additionally, we direct the post-conviction court to issue findings of fact and conclusions of law consistent with Post-Conviction Rule 1(6).

[12] Reversed and remanded.

Vaidik, J., and Brown, J., concur.